150 N.J. Super. 410 (1977)
375 A.2d 1221
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
HENRY VACCARO, M.D., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 23, 1977.
Decided June 6, 1977.
*411 Before Judges BISCHOFF, MORGAN and KING.
Mr. Raymond P. Shebell argued the cause for appellant (Mr. Thomas F. Shebell, attorney).
Mr. Albert G. Fredericks, Deputy Attorney General, argued the cause for respondent (Mr. William F. Hyland, Attorney General of New Jersey, attorney).
PER CURIAM.
At issue here is the existence of trial court power to increase a sentence on one count of an indictment, after vacation thereof, when conviction on another count, for which a separate sentence was imposed, is reversed on appeal.
*412 The procedural context from which this issue emerges starts with defendant's conviction of counts 3, 4, 5, 7, 10, 12, 16 and 17 of Monmouth County Indictment 799-72. As required, a separate sentence was imposed on each count. State v. Cianci, 18 N.J. 191, 194 (1955), cert. den. 353 U.S. 940, 77 S.Ct. 819, 1 L.Ed.2d 763 (1957); State v. Green, 129 N.J. Super. 147, 167 (App. Div. 1974). Custodial State Prison terms were suspended on all counts. A $5,000 fine was imposed on counts 3, 4, 5, 7, 10 and 12; on counts 16 and 17, merged by the trial judge, a $3,000 fine was imposed, and on count 18, a $7,000 fine was imposed. The aggregate fine on all counts of which defendant was convicted was $40,000. All fines were paid by 1974.
The appeal taken from these convictions resulted in the reversal of defendant's convictions of counts 10 and 12 and a remand for a new trial on those counts. Thereafter, on June 3, 1976, the trial judge entered an amended judgment of conviction eliminating the suspended custodial sentences on the reversed convictions, but retaining the aggregate amount of the fine previously imposed, $40,000. Following a hearing held on defendant's motion therefor on the amended judgment of conviction, the trial judge entered a second amended judgment of conviction wherein the judge amended the sentence imposed on count 18 to reflect a $17,000 fine instead of the $7,000 fine imposed in the original judgment of conviction. The purpose of this amendment was to retain the aggregate fine originally imposed and to block defendant's claimed right to repayment of $10,000.
Defendant contends that the $10,000 increase in the fine originally imposed on his conviction of count 18 violates his privilege against twice being put in jeopardy for the same offense, since it increases the punishment for that conviction after execution. The State, on the other hand, views the sentence imposed in the aggregate, arguing that the action of the trial judge did not result in an increase in the *413 total fine imposed; the original judgment of conviction required payment of $40,000, as did the second amended judgment.
We agree with defendant and reverse. Although the trial judge may have conceived the fines imposed in the aggregate allocated among the several convictions in keeping with the maximum fine permitted for each such conviction, the fact remains that each conviction properly carried its own sentence, a suspended custodial State Prison term and a fine of a specified amount. General sentences, an aggregate punishment by fine or imprisonment without allocation to convictions on individual counts, are invalid in this State. State v. Cianci, supra. Authority referred to by the State concerning the effect of reversal of one of several counts in jurisdictions permitting general sentences consequently has no application in New Jersey. See, e.g., Gorman v. United States, 456 F.2d 1258, 1259 (2 Cir.1972); McDonald v. Moinet, 139 F.2d 939, 941 (6 Cir.1944), cert. den. 322 U.S. 730, 64 S.Ct. 942, 88 L.Ed. 1565 (1944).
Under the common law, and under New Jersey practice, a trial judge is precluded from increasing a sentence once it has gone into operation. State v. Matlack, 49 N.J. 491, 501, cert. den. 389 U.S. 1009, 88 S.Ct. 572, 19 L.Ed.2d 606 (1967); indeed, any rule which permitted a trial judge to increase an executed sentence previously imposed "would raise serious problems under the constitutional right to be free from double jeopardy." Id. When defendant paid the fines imposed by the original judgment of conviction, the sentences were deemed to have been fully executed. State v. Laird, 25 N.J. 298, 307 (1957). Once a "sentence has been executed, it would seem that on the plainest principles of justice the jurisdiction of the court to increase the punishment is at an end * * *." State v. Laird, supra at 312. See also, United States v. Rosenstreich, 204 F.2d 321, 321-322 (2 Cir.1953).
That portion of the second amended judgment of conviction which specifies the fine for the conviction on *414 count 18 as $17,000 is vacated and the fine of $7,000 for conviction of that count is hereby reinstated. Defendant is, therefore, entitled to a refund of $10,000.
Reversed and remanded for further proceedings consistent with this opinion.