UNITED STATES of America,
Plaintiff-Appellee,

v.

Trevor Barry MOORE,
Defendant-Appellant.

No. 82–5664.

United States Court of Appeals,
Sixth Circuit.

Argued April 20, 1983.

Decided June 27, 1983.

William H. Farmer, Federal Public Defender, Nashville, Tenn., court-appointed,

Donald E. Dawson (argued), for defendant-appellant.

Joe B. Brown, U.S. Atty., John Philip Williams (argued), Nashville, Tenn., for plaintiff-appellee.

Before EDWARDS, Chief Circuit Judge, ENGEL, Circuit Judge, and PHILLIPS, Senior Circuit Judge.

GEORGE CLIFTON EDWARDS, Jr., Chief Circuit Judge.

This is the second appeal in this case which has only to do with the appropriateness of a sentence. It presents, nonetheless, a somewhat difficult problem.

In *United States v. Moore,* 688 F.2d 433 (6th Cir.1982), this court held that the District Judge had erred in denying a Rule 35 motion for vacation or correction of sentence in that he had administered two sentences, one for bank robbery of 15 years, and one for kidnapping of 25 years, to be served consecutively.

Under the facts of this case it was clear that the bank robbery was committed during the course of the kidnapping, and that the kidnapping began before and continued after the bank robbery. The court therefore held that the offenses merged.

On remand to the sentencing judge, the District Judge specifically stated that he had intended Moore to serve a total of 40 years. He then resentenced him on the kidnapping count to 40 years, which sentence is the maximum permissible under 18 U.S.C. § 2113(e) (1976). We now have appellant's contention that the District Judge's new sentence violates appellant's rights under both the due process and double jeopardy clauses.

This is not a simple case to resolve. The District Judge in administering the new sentence relied principally upon *United States v. DiFrancesco,* 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980). In it the majority of the Supreme Court upheld against double jeopardy attack a federal statute granting the government a right to appeal from a sentence in an organized

crime case which sentence the government believed to be too lenient.

Earlier the Supreme Court in *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), had dealt with similar double jeopardy due process and equal protection contention saying:

> Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.
>
> In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.

395 U.S. at 725–26, 89 S.Ct. at 2081. (Footnote omitted.)

Our review of the instant case convinces us[1] that the District Judge did give his reasons for increasing the original kidnapping sentence as called for in *North Carolina v. Pearce, supra.* Further, we find no vindictiveness in his determination of the sentence entered on remand. *See also United States v. Henry,* 680 F.2d 403 (5th Cir.1982); *United States v. Busic,* 639 F.2d 940 (3d Cir.), *cert. denied,* 452 U.S. 918, 101 S.Ct. 3055, 69 L.Ed.2d 422 (1981), and *Bozza*

*v. United States,* 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818 (1947).

It should also be noted that the sentence involved in the present appeal does not exceed the sentences as the District Judge administered them in the first instance.

The appellant will become eligible for parole under 18 U.S.C. § 4205(b)(2) (1976), at such time as the Parole Commission shall determine as a result of the original plea agreement.

Under these circumstances, the judgment of the District Court is affirmed.

---

**1.** We recognize the strength of the arguments put forward by the dissent in *North Carolina v.* *Pearce,* but are obligated to follow the majority view.