STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. ANGEL
ACOSTA RODRIGUEZ, DEFENDANT-RESPONDENT.

Argued December 13, 1983—Decided August 1, 1984.

*Keith M. Endo,* Deputy Attorney General, argued the cause for appellant (*Irwin I. Kimmelman,* Attorney General of New Jersey, attorney).

*Claire Drugach,* Assistant Deputy Public Defender, argued the cause for respondent (*Joseph H. Rodriguez,* Public Defender, attorney).

The opinion of the Court was delivered by

HANDLER, J.

In this case defendant was convicted of several serious crimes, including felony murder and robbery, and given separate custodial sentences on each of these convictions, which

aggregated thirty years with fifteen years of parole ineligibility. The issue is whether, upon a merger of the convictions for felony murder and robbery following defendant's appeal, double jeopardy precludes resentencing the defendant after he has begun to serve the sentence originally imposed.

I

At 8:00 P.M. on November 1, 1980, defendant, Angel Acosta Rodriguez, entered the apartment of Maria Cruz, who lived with her grandson, Pedro Cruz, and mentally-retarded daughter, Evelyn Castro. After leaving the apartment to go drinking, defendant returned. Pedro awoke to see defendant sexually assaulting Evelyn. Hidden in the closet, Pedro saw his grandmother attempt to stop defendant. Defendant punched Maria and then followed her into the kitchen. Pedro left the closet, looked into the kitchen, and watched as Rodriguez shot Maria and subsequently removed money from her brassiere.

At trial, defendant objected to the appointment of Blanca Castro as interpreter for her sister Evelyn, who spoke Spanish and had a speech impediment. Rodriguez claimed Blanca, as sister of the sexual assault victim and daughter of the murder victim, would not or could not be impartial. The court overruled the objection, allowing Blanca to act as interpreter, but appointed an official court interpreter to check any partiality. The court ruled that Evelyn was competent to be a witness and capable of expressing herself with the help of her sister.

Defendant was convicted by the jury of murder, *N.J.S.A.* 2C:11-3, sexual contact, *N.J.S.A.* 2C:14-3(b), aggravated assault, *N.J.S.A.* 2C:12-1(b)(4), unlawful possession of a handgun, *N.J.S.A.* 2C:39-5(b), and robbery, *N.J.S.A.* 2C:15-1. He was sentenced to a term of twenty years with a minimum ten-years parole ineligibility period for felony murder, to two concurrent terms of eighteen months for criminal sexual contact and aggravated assault, to a concurrent term of three years for the unlawful possession of a handgun, and to a term of ten years

with a minimum five-years parole ineligibility period for the predicate felony, robbery, consecutive to his sentence for felony murder. Penalties were also imposed on each of the counts under the Violent Crimes Compensation Board Act.

Defendant appealed his conviction, claiming reversible trial error relating to the appointment of Blanca Castro, the victim's sister, as interpreter and the trial court's determination that Evelyn Castro was a competent witness. He also asserted that the convictions for felony murder and robbery merged and, further, that the aggregate sentence that had been imposed was excessive. The Appellate Division, in an unreported opinion, affirmed defendant's conviction for felony murder, criminal sexual contact, aggravated assault, and unlawful possession of a handgun, but merged defendant's conviction for robbery with defendant's conviction for felony murder, vacating the sentence imposed for robbery. The court found the sentences imposed not excessive. In addition, the Appellate Division denied the State's request for a remand to the trial court for resentencing *de novo* for felony murder as a result of the merger of the robbery conviction. The court also found that Evelyn Castro was a competent witness and that the trial court had ample justification in appointing her sister, Blanca Castro, as interpreter, along with the court interpreter. The State filed a petition for certification, seeking review of the Appellate Division's judgment denying resentencing. Defendant also filed a petition for certification seeking review of the affirmance of his convictions based on the asserted trial errors. We granted the State's petition and denied defendant's cross-petition, 94 *N.J.* 547 (1983).

## II

The issue in this case is whether the trial court has the power to resentence the defendant in excess of the criminal sentence for felony murder upon the merger of the robbery conviction into the felony murder conviction. In deciding that double

jeopardy [1] barred the court from resentencing the defendant for felony murder in excess of the twenty years he had received originally upon this conviction, the Appellate Division stated that "it is clear that in this State we adhere to the principle that after a sentence has gone into operation the courts lose power to increase it," citing *State v. Ryan*, 86 *N.J.* 1, *cert.* den., 454 *U.S.* 880, 102 *S.Ct.* 363, 70 *L.Ed.*2d 190 (1981), and other cases.

In *Ryan*, we addressed the extent to which double jeopardy protection against multiple punishment precludes a court from increasing a defendant's sentence once he has served part of it. There, defendant was sentenced to concurrent terms of three to five years in prison. After serving approximately six months in custody, he requested and was granted a modification of his sentence. *Id.* at 3. He was placed in a drug program and given two-years probation. When defendant violated his probation, the judge resentenced him to a term longer than the original sentence, relying on language in *N.J.S.A.* 2A:168-4 permitting the imposition of "any sentence which might originally have been imposed." [2] *Id.* at 4.

The Court reversed, holding that double jeopardy considerations militate against increasing defendant's prison sentence when he has already served a portion of the custodial term. *Id.* at 8-9. Probation violations, we noted, should not be punished

---

[1] *U.S. Const.* amend. V. The fifth amendment guarantees: "nor shall any person be subject, for the same offense, to be twice put in jeopardy of life or limb * * *." *Id.* The New Jersey parallel provision states that "No person shall, after acquittal, be tried for the same offense." *N.J. Const.* (1947), Art. I, par. 11.

[2] The successor provision of *N.J.S.A.* 2A:168-4 is *N.J.S.A.* 2C:45-3(b) of the Code of Criminal Justice. It states:

When the court revokes a suspension or probation, it may impose on the defendant any sentence that might have been imposed originally for the offense of which he was convicted.

The *Ryan* Court noted that it would have treated the case no differently had it arisen under the Code of Criminal Justice provision, effective September 1, 1979. 86 *N.J.* at 6 n. 2.

under the statute as a separate offense. *Id.* at 8. Consequently, because the focus in defendant's resentencing remained on or related to the original offense, that sentence could not be enhanced after it had already gone into effect. *Id.* at 8–9.

Our decision in *Ryan* was strongly influenced by the Supreme Court decision in *North Carolina v. Pearce,* 395 *U.S.* 711, 89 *S.Ct.* 2072, 23 *L.Ed.*2d 656 (1969). There the Court considered whether defendant, after a prior criminal conviction had been set aside and a new trial ordered at his behest, could be reconvicted and sentenced to a longer term without constitutional violation. The Supreme Court upheld the constitutionality of an increased sentence because defendant, by succeeding in getting his conviction reversed on appeal, wiped the slate—the original conviction and sentence—clean. *Id.* at 721, 89 *S.Ct.* at 2078, 23 *L.Ed.*2d at 667. However, the Supreme Court further held that due process of law requires in such a situation that the sentencing judge affirmatively state his or her reasons for increasing the original sentence. *Id.* at 726, 89 *S.Ct.* at 2081, 23 *L.Ed.*2d at 670. *See Wasman v. United States,* —— *U.S.* ——, 104 *S.Ct.* 3217, 82 *L.Ed.*2d 424 (1984) (defendant's increased sentence after retrial following a successful appeal does not violate Due Process Clause if sentencing authority affirmatively identifies relevant conduct or events that intervened since original sentencing proceeding).

In *Ryan,* we concluded that the slate was not "wiped clean" as in *Pearce,* because only the original custodial sentence itself had been modified and suspended; the underlying conviction had never been attacked or changed. 86 *N.J.* at 13–14. By contrast, in the present case, defendant has challenged on appeal not only his sentences but the underlying substantive convictions. He has partially succeeded, in that the felony murder and robbery convictions were merged and, as a result, the robbery conviction, having been merged into the felony murder conviction, was set aside.

*Ryan* also carefully considered and distinguished its holding from *United States v. DiFrancesco,* 449 *U.S.* 117, 101 *S.Ct.* 426, 66 *L.Ed.*2d 328 (1980). *DiFrancesco* addressed the constitutional finality of a sentence once pronounced in light of a statute that specifically authorized the sentence to be increased. Differentiating a sentence from the underlying substantive conviction, the Supreme Court noted that "[h]istorically, the pronouncement of sentence has never carried the finality that attaches to an acquittal." *Id.* at 133, 101 *S.Ct.* at 435, 66 *L.Ed.* 2d at 343. Relying on *Pearce, supra,* 395 *U.S.* 711, 89 *S.Ct.* 2072, 23 *L.Ed.*2d 656, the Supreme Court emphasized the vigor of the doctrine that no rule of finality applies to the pronouncement of a sentence, whether that sentence is challenged after retrial or appeal. *DiFrancesco, supra,* 449 *U.S.* at 135–36, 101 *S.Ct.* at 436–37, 66 *L.Ed.*2d at 344–45. Thus, the Supreme Court concluded that defendant, whose sentence was appealed by the Government through statutory authority, "has no expectation of finality in his sentence until the appeal is concluded or the time to appeal has expired." *Id.* at 136, 101 *S.Ct.* at 437, 66 *L.Ed.*2d at 345; *see State v. Hodge,* 95 *N.J.* 369 (1984); *State v. Roth,* 95 *N.J.* 334 (1984).

In contrast, in *Ryan, supra,* 86 *N.J.* 1, the underlying statute did not specifically authorize sentence enhancement. *Compare N.J.S.A.* 2C:44–1(f)(1) *with N.J.S.A.* 2A:168–4; *see State v. Roth, supra,* 95 *N.J.* at 359; *State v. Hodge, supra,* 95 *N.J.* at 376. Moreover, the original conviction for the underlying offense itself had not been disturbed by any appellate proceedings or by the subsequent violation of probation. Hence, *Ryan* can be understood to hold that the commencement of sentence coupled with the defendant's expectation of finality in his original underlying conviction and sentence combined to raise a constitutional bar against an increase in that sentence. 86 *N.J.* at 9–10.

In this case, defendant attacked his underlying substantive convictions on appeal. Specifically, he claimed that he was

entitled to the merger of two of these convictions, felony murder and robbery. An attack on grounds of merger clearly implicates the substantive and constitutional rights of a defendant. *E.g., State v. Mirault,* 92 *N.J.* 492, 504 (1983); *State v. Best,* 70 *N.J.* 56, 60–61 (1976); *State v. Davis,* 68 *N.J.* 69, 77 (1975). The application of merger can have significant penal consequences. *Compare State v. Nichols,* 71 *N.J.* 358 (1976) (defendant not denied opportunity to withdraw guilty plea entered after receiving improper advice that failed to disclose that the charged offenses would merge upon conviction) *with State v. Taylor,* 80 *N.J.* 353 (1979) (defendant properly denied opportunity to vacate pleas of *non-vult* and guilty since failure to disclose marginal differences in lengths of sentences in event of merger not deemed material misrepresentation). Not only does merger have sentencing ramifications, it also has a measurable impact on the criminal stigma that attaches to a convicted defendant. *See State v. Landeros,* 32 *N.J.Super.* 168, 172 (App.Div.1954), rev'd on other grounds, 20 *N.J.* 69 (1955), *cert.* den., 351 *U.S.* 966, 76 *S.Ct.* 1025, 100 *L.Ed.* 1486 (1956) (merger requires reversal of convictions of underlying lesser-included offenses rather than mere correction of sentence, since otherwise defendant would be branded as multiple offender when his guilt was of single crime).

■ Since the underlying substantive convictions in this case were themselves the subject of attack on an appeal in which defendant sought their modification, no legitimate expectation of finality could be invested in the underlying convictions or the sentences related to them. *See United States v. DiFrancesco, supra,* 449 *U.S.* 117, 101 *S.Ct.* 426, 66 *L.Ed.*2d 328; *North Carolina v. Pearce, supra,* 395 *U.S.* 711, 89 *S.Ct.* 2072, 23 *L.Ed.*2d 656. Further, appellate review of defendant's challenge to the convictions on merger grounds resulted in the modification and partial reversal of the underlying convictions. This is significantly different from the case in which the original underlying conviction remains undisturbed and the sentence alone is changed. *See Ryan, supra,* 86 *N.J.* at 1.

*Ryan* also considered *State v. Matlack*, 49 *N.J.* 491, *cert.* den., 389 *U.S.* 1009, 88 *S.Ct.* 572, 19 *L.Ed.*2d 606 (1967), in terms of whether a court would be barred from increasing a sentence once it has been partially executed. In *Matlack*, defendant had been sentenced to ten to fifteen years for atrocious assault and battery and two to three years suspended for robbery. This Court held that because of double jeopardy protection, unless the sentence was due to inadvertent error, defendant could not be resentenced to a longer term for robbery even though the sentence for the assault and battery charge had to be set aside because it was in excess of the statutory maximum. *Id.* at 501–02. Further, Rule 3:7–13(a), permitting a trial court to "change" a previously imposed sentence, was read by the Court as allowing only the imposition of a different type of punishment such as a fine in lieu of imprisonment. *Id.* at 500–01. In dictum, the Court limited its ruling by noting that the Constitution did not prevent a trial court from increasing the sentence in order to correct errors in sentencing. *Id.* at 502. *Matlack* is distinguishable from this case, which, we repeat, involves a successful appellate attack on the underlying substantive convictions on grounds of merger.

In the instant case, in addition to *Ryan* and *Matlack*, the Appellate Division relied on *State v. Pratts*, 145 *N.J.Super.* 79 (App.Div.1975), aff'd o.b., 71 *N.J.* 399 (1976), "to bar restructuring a sentence when the sentence on one of several counts is vacated due to a merger." We find *Pratts* distinguishable because the Appellate Division there did not base its ruling upon a merger of offenses. In *Pratts* the Appellate Division reversed the resentencing of the trial court, which had vacated defendant's original sentences on three counts, and resentenced him to a term of the same number of years as the original sentence, but based upon only two of the three counts. The Appellate Division expressly rejected the premise that the resentencing was based or should have been based on merger. The court, citing *Matlack*, concluded that the trial court had no authority to increase a sentence under these circumstances,

once it had signed the judgment of conviction. 145 *N.J.Super.* at 93. Thus, *Pratts* did not involve a sentence restructure predicated on a successful merger attack against underlying convictions.

Our ruling today does not conflict with New Jersey's policy against general aggregate sentencing for multiple convictions. In *State v. Cianci,* 18 *N.J.* 191 (1955), *cert.* den., 353 *U.S.* 940, 77 *S.Ct.* 819, 1 *L.Ed.*2d 763 (1957), affirmed on the Appellate Division opinion below, the Court found that defendant's assault and robbery of a victim constituted two separate crimes that should have resulted in two separate sentences. Accordingly, the Court concluded that the lower court had erred in sentencing defendant to a single term without distinguishing between the two convictions. *Id.* at 194; *see State v. Vaccaro,* 150 *N.J.Super.* 410 (App.Div.1977) (trial court cannot increase valid sentence on conviction of one count of an indictment to compensate for the reversal on appeal of another conviction with a separate sentence).

Here, defendant originally received separate sentences for each underlying conviction. Following his appeal, two of the convictions merged and, in effect, were remolded into a single conviction. From defendant's successful appeal on merger grounds, it follows that defendant would be entitled to relief in the form of the vacation of one or both of the separate sentences; further, defendant would be subject to resentencing on the resultant merged conviction because the legal basis for his original sentences will have been removed or altered. Consequently, the policy against an aggregate punishment without allocation to separate convictions on individual counts or charges is not truly at issue here.

Further, we do not perceive any unfairness to defendant if he were resentenced in this case to a term not in excess of that originally imposed. *United States v. Moore,* 710 *F.*2d 270 (6th Cir.), *cert.* den., —— *U.S.* ——, 104 *S.Ct.* 497, 78 *L.Ed.*2d 690 (1983) (double jeopardy not violated when defendant sentenced

to original aggregate sentence after conviction for bank robbery merged into conviction for kidnapping). It is evident that the sentencing court structured its original sentence so that for these related offenses defendant would serve in the aggregate a term of thirty years with fifteen years of parole ineligibility. The Appellate Division found defendant's original aggregate sentence to be "not excessive." [3] Defendant was sentenced under a statutory provision, *N.J.S.A.* 2C:11–3b, governing punishment for murder permitting a custodial sentence of this duration. Predecessor and successor statutory provisions both provide for *mandatory* punishment greater than that imposed upon defendant.[4]

We do not believe that other constitutional or policy concerns are compromised by authorizing defendant to be resentenced in conformity to the sentences originally imposed. Many courts have recognized that when a defendant challenges the imposi-

---

[3]The trial court, in imposing sentence, observed that the crime was committed while defendant was on parole; the crime was depraved and heinous; it was committed with a gun and without provocation; there was an absence of mitigating factors; defendant had a prior criminal record; and there was a need to incarcerate to protect society. The appellate opinion stated: "The remarks of the trial judge are fully supported by the record and we find the sentences imposed not excessive." These conclusions are fully supported by a record, which reveals that defendant murdered an older woman in the course of a robbery and in the presence of her grandson and mentally-retarded daughter after he first attempted to sexually assault the daughter.

[4]Prior to the enactment of Title 2C, a conviction for felony murder alone carried a mandatory sentence of life imprisonment. *N.J.S.A.* 2A:113–1; 2A:113–2; 2A:113–4. Subsequent to the enactment of the New Jersey Code of Criminal Justice, effective September 1, 1979, defendant's conviction for felony murder rendered him subject to a maximum sentence of life imprisonment with a parole ineligibility period of up to twenty-five years under the extended term sentencing provision of the Code, *N.J.S.A.* 2C:43–7, or to a maximum term of thirty years with a parole ineligibility period of up to fifteen years under *N.J.S.A.* 2C:11–3b. The foregoing provision was amended, effective August 6, 1982, to set forth a *minimum* sentence of thirty years without parole eligibility for murder. *L.*1982, *c.* 111 (emphasis supplied). Hence, it is merely fortuitous that when defendant was sentenced, a twenty year term with a ten year period of parole ineligibility for felony murder was possible.

tion of one or more sentences and demands that the sentence be vacated, a reviewing court has the power to vacate other sentences imposed by the same judgment that are interdependent with the challenged sentences. *United States v. Woodward*, 726 *F*.2d 1320, 1328 (9th Cir.1983) ("When one of several convictions is reversed because of merger, the general rule in this circuit is that the entire sentence must be vacated and the case remanded for reconsideration of the proper sentence to be imposed."); *United States v. Moore*, *supra*, 710 *F*.2d 270; *McClain v. United States*, 676 *F*.2d 915, 917 (2d Cir.), *cert.* den., 459 *U.S.* 879, 103 *S.Ct.* 174, 74 *L.Ed.*2d 143 (1982); *United States v. Busic*, 639 *F*.2d 940, 947–48 (3d Cir.), *cert.* den., 452 *U.S.* 918, 101 *S.Ct.* 3055, 69 *L.Ed.*2d 422 (1981). Further, courts have recognized that on remand the sentencing court can increase the terms of the sentences that defendant has not challenged without violating the federal protection against double jeopardy so long as the aggregate term of imprisonment is not increased. *McClain v. United States, supra,* 676 *F*.2d at 917–18; *United States v. Busic, supra,* 639 *F*.2d at 951–53.

■■ In this case, the trial court was under the misapprehension that the defendant's criminal conduct did not warrant the merger of the two separate convictions for felony murder and robbery. There was, however, no demonstrable abuse of discretion as to the *quantum* of punishment relating to these offenses. Clearly, the robbery was an aggravating circumstance, as well as an essential element of felony murder, that should properly have been considered in defendant's punishment on the felony murder conviction. *Cf.* Knowlton, "Criminal Law and Procedure," 10 *Rutgers L.Rev.* 97, 114 (1955) ("[T]he Legislature, in evaluating the policy considerations involved in punishment, evaluated the larger crime in its entirety and established a punishment sufficiently high to cover the entire offense rather than just the differentiating factor between it and the lower crime."). Consequently when, as in this case, defendant's underlying convictions are interdependent, justify-

ing merger, the appellate court, vacating one of these sentences on the vacated conviction, can also in its sound discretion vacate the sentence on the remaining conviction when the sentences as imposed were themselves interrelated.

 If we were merely to vacate defendant's sentence for robbery, as determined by the Appellate Division, the penal result would be fortuitous and wholly unrelated to the legitimate factors that courts are adjured to follow in dispensing appropriate criminal punishment. The courts' sentencing responsibility under the New Jersey Code of Criminal Justice has been prescribed with painstaking care by the Legislature and should not be exercised so as to countenance anomalous results. *See State v. Roth, supra,* 95 *N.J.* at 358. It is to be expected that a defendant's criminal conduct will result in a sentence, that will properly reflect the sentencing guidelines of the Code and, further, that any re-sentence, even if different, would similarly be in accordance with these guidelines. *Id.* at 334. Additionally, if the original sentence is increased, the sentencing authority must affirmatively identify the relevant conduct or events that occurred after the original sentencing proceeding in order to overcome any presumption of vindictiveness. *Wasman, supra,* ___ *U.S.* at ─── ── ───, 104 *S.Ct.* at 3219–26, 82 *L.Ed.*2d at ─── ── ───; *Pearce, supra,* 395 *U.S.* at 725–26, 89 *S.Ct.* at 2080–81, 23 *L.Ed.*2d at 669–70.

 It would be anomalous in this case if defendant were to receive a punishment that did not reflect the true penal consequence of his criminal conduct as manifested by the sound discretion of the sentencing court. That anomaly would occur here if the sentence for defendant's felony murder were left at a term of twenty years with ten years of parole ineligibility in spite of the sentencing court's uncontestable determination that

defendant's punishment for this crime should be no less than thirty years with parole ineligibility of fifteen years.[5]

In sum, in this case, the appeal of defendant's underlying convictions resulting in a merger removed any legitimate expectation of finality with respect to his original sentence. Indeed, defendant's appeal grounded on merger presupposed that the two offenses constituted a whole, evidencing an expectation that an appropriate sentence could be imposed for the whole not to exceed the sentence imposed for the parts. Consequently, he may be resentenced without offending constitutional principles of double jeopardy, notwithstanding his initial commencement of the sentencing term, providing that any new sentence is in accordance with the substantive punishment standards under the Code and not in excess of the sentence originally imposed.

## III

We reverse the Appellate Division's judgment barring defendant's resentencing for felony murder. We rule that defendant may lawfully be sentenced for felony murder to a term that will not exceed the aggregate sentences originally imposed separately for the offenses of felony murder and robbery. In all other respects the judgment of the Appellate Division is affirmed.

Justice Schreiber concurs in the judgment of the Court. *See State v. Ryan,* 86 *N.J.* 1, 14 (1981) (Schreiber, J., dissenting).

SCHREIBER, J., concurs in result.

*For affirmance in part; reversal in part*—Chief Justice WILENTZ, and Justices CLIFFORD, SCHREIBER, HANDLER, POLLOCK, O'HERN and GARIBALDI—7.

---

[5]This societal interest in just punishment is particularly acute when the crime is murder. *See State v. Maguire,* 84 *N.J.* 508, 520 n. 12 (1980).