STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. JOHN S. RODDY, JR., DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted April 7, 1986—Decided April 29, 1986.

Before Judges J.H. COLEMAN and LONG.

*Vernon & Aaron,* attorneys for appellant (*Cathy R. Frank,* on the brief).

*John A. Kaye,* Monmouth County Prosecutor, attorney for respondent (*James W. Kennedy,* Assistant Prosecutor, of counsel; *Allan Stacy,* on the brief).

The opinion of the court was delivered by

J.H. COLEMAN, J.A.D.

The core question raised on this appeal is whether merger by the Appellate Division of two counts of an indictment which formed the basis for a plea agreement may dilute the plea agreement to such an extent as to require vacating the plea agreement. Defendant pleaded guilty to two counts of possession of heroin and cocaine with intent to distribute, contrary to *N.J.S.A.* 24:21–19a(1). As part of the plea agreement, the State agreed not to seek an extended term and to allow defendant to preserve his right to appeal the denial of all of his pretrial motions. Defendant was sentenced to consecutive 12 year custodial terms and required to serve five years on each count before becoming eligible for parole. The judgment of conviction was affirmed by us on July 31, 1984 under A–334–83T4.

Thereafter, a petition for rehearing was filed with the Appellate Division. The application was granted and in a decision dated January 30, 1985, the two convictions were merged pursuant to *State v. Truglia*, 97 *N.J.* 513 (1984). The matter was remanded for resentencing. At the resentencing, the State's motion for an enhancement of sentence pursuant to *N.J.S.A.* 24:21–29 [1] was granted. After merging the heroin and cocaine charges, defendant was sentenced to a custodial term of 24 years with 10 years of parole ineligibility.[2]

Defendant has appealed, contending:

1. THE TRIAL COURT ERRED IN SENTENCING DEFENDANT TO AN EXTENDED TERM AS A SECOND OR SUBSEQUENT OFFENDER.

2. DEFENDANT'S UNITED STATES CONSTITUTIONAL RIGHT TO DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS HAVE BEEN VIOLATED BY STATE'S FAILURE TO HONOR TERMS OF PLEA AGREEMENT.

3. DEFENDANT'S UNITED STATES CONSTITUTIONAL RIGHTS TO DUE PROCESS WERE DENIED BY IMPOSITION OF HEAVIER SENTENCE UPON RESENTENCING ON MERGED COUNT.

It is clear from the record, and the State concedes as much, that the enhanced sentence which defendant is currently serving violates the terms of the plea agreement which prohibited the imposition of an extended term. We read the plea agreement to prohibit any enhancement of sentence either pursuant to *N.J.S.A.* 2C:44–3a or *N.J.S.A.* 24:21–29. When the present offenses occurred on December 22, 1982, defendant had already been convicted on August 5, 1982 for a violation of *N.J.S.A.* 24:21–20a(1). That conviction was affirmed on December 14, 1983. The definition of prior conviction contained in *N.J.S.A.* 2C:44–4b has no application to a determination of whether a prior conviction exists under *N.J.S.A.* 24:21–29b. Therefore, it is clear that when defendant was resentenced on July 3, 1985 to

---

[1]The order permitting an enhancement of sentence incorrectly refers to *N.J.S.A.* 24:21–19 instead of *N.J.S.A.* 24:21–29.

[2]The propriety of the merger is not before us and we refrain from comments with respect thereto.

the extended term pursuant to *N.J.S.A.* 24:21–29, he was eligible for such a sentence even though the plea agreement precludes any extended term. Because we recognize that the plea agreement must be meticulously followed, *State v. Kovack,* 91 *N.J.* 476, 483 (1982), we must now decide whether the merger has altered the plea agreement to such an extent that the parties should be returned to the *status quo ante.*

The State argues that it, too, is entitled to enforcement of the plea agreement. Boiled down, its argument is that the plea agreement exposed defendant to a custodial term of 24 years with 12 years of parole ineligibility and that the merger should not be allowed to unilaterally alter the term of exposure. We recognize, as did our Supreme Court in *State v. Rodriguez,* 97 *N.J.* 263, 273–274 (1984) that the two counts that were merged formed the basis for the original sentence. The merger made it legally impossible to impose the original sentence on the merged count, absent an extended term. The initial decision by the Appellate Division on July 31, 1984 in A–334–83T4 found that the original sentences were not excessive or otherwise violative of sentencing guidelines. In the subsequent decision merging the two offenses the court ordered a "remand for resentencing under *State v. Rodriquez,* 97 *N.J.* 263, 277 (1984), with the proviso that any resentence should not exceed the original aggregate sentence of 24 years with ten years minimum parole eligibility...." By this language it is apparent that the merger should not be an automatic reduction in the original sentence. This language, unfortunately, did not consider the "no extended term" provision of the plea agreement. But as *Rodriquez* also observed, after a merger of interdependent offenses for which the original sentences were imposed, the sentence following merger should not "be fortuitous and wholly unrelated to the legitimate factors that courts are adjured to follow in dispensing appropriate criminal punishment." *Id.* at 276.

It would indeed be anomalous if defendant could not receive punishment that reflects the true consequences of his traffick-

ing in drugs solely because the two offenses merged. The New Jersey Code of Criminal Justice does not countenance anomalous results. *See State v. Rodriguez, supra,* 97 *N.J.* at 276; *State v. Roth,* 95 *N.J.* 334, 358 (1984). Moreover, Judge Milberg reluctantly accepted the pleas and commented that he thought the agreement was a liberal one. His beliefs were well founded. He was informed at the time the pleas were taken on June 28, 1983 that defendant possessed 28.59 grams of cocaine, at least 10 grams of which were pure free base. He was also informed that defendant possessed 16 grams of heroin. This evidence persuaded the judge to think that defendant was exposed possibly to a life sentence pursuant to *N.J.S.A.* 24:21–6c(4) and *N.J.S.A.* 24:21–19b(2). The State, however, agreed to allow defendant to plead guilty to possessing less than an ounce of cocaine to eliminate a possible life term exposure and agreed to dismiss three counts of the indictment against defendant.

We are completely satisfied that the State's reasonable expectations under the plea agreement would be defeated following the merger if defendant's sentence exposure is limited to 12 years with six years of parole ineligibility as he contends. *See State v. Lightner,* 99 *N.J.* 313 (1985). On the other hand, defendant should not be placed in any worse position than he was at the time of the plea bargain. *State v. Thomas,* 61 *N.J.* 314, 322 (1972). Nor should he be permitted to fortuitously improve his position by virtue of the merger. *State v. Truglia, supra,* 97 *N.J.* at 524–525; *State v. Rodriguez, supra.* The "merger presupposed that the two offenses constituted a whole, evidencing an expectation that an appropriate sentence could be imposed for the whole not to exceed the sentence imposed for the parts." *Id.,* 97 *N.J.* at 277. We hold that the merger in this case should not become the functional equivalent to an automatic reduction of sentence pursuant to *R.* 3:21–10a.

Consequently, to permit the reasonable expectation of both the defendant and the State to be met, the parties must be returned to the *status quo ante.* Presently, the merger has reduced by one-half the maximum sentence permitted by the

plea agreement. That has destroyed the State's reasonable expectation. Therefore, the matter is remanded to the Law Division for further proceedings. *See State v. Kovack, supra,* 91 *N.J.* at 485. On the remand, defendant should be permitted to withdraw his guilty pleas to Counts Eight and Ten and to renegotiate the plea agreement, or to withdraw his guilty pleas and proceed to trial on Counts Five through Ten unless the State is willing to consent to a reduction of the sentence to 12 years with 6 years of parole ineligibility. If defendant fails to pursue either remedy within 30 days of this decision, he shall be deemed to have waived any objection to the enhanced sentence as being violative of the plea agreement.

We have carefully considered the remaining contentions raised by defendant and the arguments advanced in support of them and find they are clearly without merit. *R.* 2:11–3(e)(2). The matter is remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

Remanded.