225 N.J. Super. 100 (1988)
541 A.2d 1092
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
HAROLD CROUCH, A/K/A ASKIA ABDUSSALAAM, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted February 29, 1988.
Decided May 16, 1988.
*102 Before Judges O'BRIEN, HAVEY and STERN.
Appellant filed a pro se brief.
W. Cary Edwards, Attorney General of New Jersey, attorney for respondent (Jessica S. Oppenheim, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by O'BRIEN, J.A.D.
This case involves the "unmerging" prior to resentencing of two convictions which had been merged before imposition of the original sentence. Defendant appeals from separate consecutive sentences imposed upon him on resentencing for convictions of robbery (N.J.S.A. 2C:15-1a(1)) and aggravated assault (N.J.S.A. 2C:12-1b(1)). The two convictions had been merged prior to his original sentence, but were "unmerged" prior to resentencing, which had been ordered upon the vacation of his original sentence as illegal, on defendant's petition for post-conviction relief. We affirm.
On February 4, 1981, defendant and another man approached Rita Anderson who is blind in one eye, her husband Olaf Anderson, age 70, who has only one leg, and their mentally retarded child as they were walking to a rescue mission for a meal. Defendant asked Olaf where he and his friend could get something to eat. In response Olaf invited them to accompany his family to the rescue mission. After walking three-quarters of a block defendant suddenly grabbed Rita around the neck from behind, pressed a sharp object into her side and started choking her. He then grabbed at her handbag. In the process *103 he threw her to the ground. As a result, she hit her head on a building, fell and suffered a fractured clavicle.
The grand jury returned a two-count indictment, charging in the first count that defendant "did, in the course of committing a theft, inflict bodily injury upon Mary Rita Anderson contrary to the provisions of N.J.S. 2C:15-1a(1)...." [Emphasis supplied.] This charges a second degree robbery. The second count charged that defendant "did commit an aggravated assault upon Mary Rita Anderson by knowingly causing serious bodily injury to said Mary Rita Anderson contrary to the provisions of N.J.S. 2C:12-1(b)(1)...." [Emphasis supplied.] This discrepancy in the indictment as to the extent of the bodily injury inflicted caused the problem.
Defendant was convicted on both counts and was sentenced on July 10, 1981. The presentence report contained this statement on the first page:
FINAL CHARGES:
COUNT ONE. ROBBERY WITH BODILY INJURY, IN VIOLATION N.J.S. 2C:15-1(A)1, FIRST DEGREE.
COUNT TWO. AGGRAVATED ASSAULT IN VIOLATION N.J.S. 2C:12-1(B)(1), SECOND DEGREE.
Prior to sentencing the judge inquired of defendant and his counsel as follows:
THE COURT: Thank you. Are there any additions or corrections you would seek to make to the presentence report?
MR. SACHS: No, Your Honor. Pardon me. I have gone over this with Mr. Crouch, read it out to him aloud, and we have gone over it and there are no additions or corrections.
THE COURT: Mr. Crouch, are there any additions or corrections which you would like to make to the presentence report?
THE DEFENDANT: No.
The sentencing judge prefaced his sentence as follows:
THE COURT: Thank you. I have before me for sentence the defendant Harold Leon Crouch under Indictment 793-80-J. Count number one is the offense of robbery with serious bodily injury contrary to 2C:15-1, an offense of the first degree. Count number two is an aggravated assault, and under the circumstances the facts which make this a first degree robbery are also the facts which constitute the aggravated assault, that is, the infliction of serious bodily *104 injury, and thus I would hold and do determine that Count two merges with Count one for the purpose of this particular sentence.[1] [Footnote supplied.]
The judge then imposed a sentence of 20 years with a ten-year period of parole ineligibility consecutive to any parole violation. He also imposed a $500 penalty payable to the Violent Crimes Compensation Board. The judge fully recited the reasons for the sentence imposed. In the judgment, after reciting the sentence, appears the language, "The 2nd count merges." At sentencing neither defendant nor his attorney disagreed with the judge's statement that the robbery conviction was a first degree crime because of the serious bodily injury inflicted.[2]
We affirmed defendant's conviction on November 12, 1982. We found no merit to defendant's contention that the sentence imposed was manifestly excessive. Although defendant also claimed on the appeal that the verdict was against the weight of the evidence and that the aggravated assault had not been proven, he did not allege any error in the judgment of conviction that he had been convicted and sentenced for a first degree robbery. Defendant's petition for certification was denied by the Supreme Court on February 2, 1983. His motion for reconsideration of sentence was denied on April 19, 1983, and a petition for writ of habeas corpus was dismissed without prejudice by the United States District Court on August 23, 1985.
Defendant then moved for post-conviction relief. In his memorandum in support of that petition, he contended that he was charged with second degree robbery in the first count of the indictment since the allegation was that in the course of committing *105 a theft he inflicted bodily injury, not serious bodily injury. Although in that memorandum he noted that he was also charged with aggravated assault, which he recognized as a second degree offense, he did not specifically observe that the language of the second count of the indictment charged that he caused "serious bodily injury." The judge who heard the petition for post-conviction relief concluded that the sentence imposed was illegal and directed that defendant be resentenced[3] and referred the matter to the original sentencing judge for that purpose.
At the resentencing hearing on May 9, 1986 the judge "unmerged" the aggravated assault and sentenced defendant for the robbery to a ten-year term with a five-year period of parole ineligibility, and on the conviction for aggravated assault imposed a consecutive ten-year term with a five-year period of parole ineligibility. Thus the aggregate sentence imposed upon defendant was the same as that originally imposed.
On this appeal, defendant advances the following legal arguments:
POINT I INCREASE IN AGGRAVATED ASSAULT SENTENCE AFTER APPEAL HAD CONCLUDED VIOLATED BOTH STATE AND FEDERAL DOUBLE JEOPARDY CLAUSE.
POINT II THE TRIAL JUDGE ERRED IN IMPOSING CONSECUTIVE SENTENCES FOR PARTS OF A SINGLE OFFENSE.
POINT III DEFENDANT'S SENTENCE SHOULD BE VACATED AS THE SENTENCE WAS IMPOSED CONTRARY TO THE MANDATORY SENTENCING GUIDELINES.
Defendant was convicted of two offenses, robbery and aggravated assault. In finding defendant guilty of aggravated assault the jury was required to find that defendant attempted to cause or caused serious bodily injury to the victim as they were charged by the trial judge. Had the indictment alleged that in *106 the course of committing the theft defendant inflicted serious bodily injury upon the victim, the robbery would have been a first degree crime under N.J.S.A. 2C:15-1b based upon the jury's verdict that the victim suffered serious bodily injury. Under those circumstances, the second degree aggravated assault would properly merge into the first degree robbery as the sentencing judge did. Although the error was not discovered by anyone at the time of sentencing, through the appellate process and on application for habeas corpus, it was finally discovered on defendant's motion for post-conviction relief. Thus, defendant could not have had an expectation of finality in the sentence imposed for the robbery since he contended on his motion for post-conviction relief that the sentence was illegal. See State v. Rodriguez, 97 N.J. 263 (1984). However, defendant argues that he received a sentence of "zero" years on his conviction for aggravated assault and that sentence was not appealed nor alleged to be illegal in the petition for post-conviction relief. We disagree.
Defendant's argument is based upon a faulty premise. The aggregate sentence imposed upon him for robbery specifically included the conviction for aggravated assault by the merger and therefore was appropriately unmerged when it was discovered that the indictment charged second and not first degree robbery. Thus, even though the jury found the victim had suffered serious bodily injury, defendant was not charged in the robbery count of the indictment with causing that serious bodily injury, and thus could only be convicted and sentenced for second degree robbery. However, he still stood convicted of aggravated assault upon which the jury found the victim sustained serious bodily injury. Under these circumstances, the trial judge correctly concluded at resentencing that, pursuant to N.J.S.A. 2C:1-8a, the aggravated assault did not merge into the robbery. To convict defendant of second degree robbery it was only necessary for the jury to find that he inflicted bodily injury in the course of committing the theft, whereas for second degree aggravated assault it was necessary to prove *107 that he attempted to cause or did cause serious bodily injury as the trial judge charged the jury. It is evident that the trial judge clearly understood the interplay between the grading provisions for robbery and the proofs necessary for aggravated assault. The error resulted from the language of the indictment which precluded defendant from being convicted of first degree robbery.
The Constitution does not prevent correction of inadvertent errors in sentencing. State v. Matlack, 49 N.J. 491, 502 cert. den. 389 U.S. 1009, 88 S.Ct. 572, 19 L.Ed.2d 606 (1967). In Bozza v. United States, 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818 (1947), the Supreme Court of the United States said:
This Court has rejected the `doctrine that a prisoner, whose guilt is established, by a regular verdict, is to escape punishment altogether, because the court committed an error in passing the sentence. Re Bonner, supra (151 U.S. [242], at 260, 38 L.Ed. [149, at] 153, 14 S.Ct. 323 [, at 327]). The Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner. See King v. United States, 69 App.D.C. 10, 98 F.2d 291, 296. In this case the Court `only set aside what it had no authority to do and substitute[d] directions required by the law to be done upon the conviction of the offender.' Re Bonner, supra, [151 U.S.] at 260 [, 14 S.Ct. at 327]. It did not twice put petitioner in jeopardy for the same offense.
[330 U.S. at 166-167, 67 S.Ct. at 649, 91 L.Ed. at 822.]
This is precisely what Judge Connor did in resentencing defendant. The sentence imposed for the robbery as a first degree offense was based upon a "wrong move" by the judge in determining that the jury's finding of serious bodily injury elevated the robbery to first degree and in merging the second degree aggravated assault therein. Once it was ascertained that the robbery conviction, because of the charge in the indictment, could only be second degree involving only bodily injury, the trial judge was required as a matter of law to unmerge the aggravated assault conviction based upon serious bodily injury which had been improperly merged. Defendant was then in the same position he had been in prior to the original sentencing, standing before the court convicted of two offenses and facing sentence.
*108 The circumstances here are analogous to those in State v. Rodriguez, supra, where the court said:
... when, as in this case, defendant's underlying convictions are interdependent, justifying merger, the appellate court, vacating one of these sentences on the vacated conviction, can also in its sound discretion vacate the sentence on the remaining conviction when the sentences as imposed were themselves interrelated.
[97 N.J. at 275-276.]
As in Rodriguez, when defendant petitioned for post-conviction relief contending that the sentence imposed upon him for robbery, into which the aggravated assault conviction had been merged for purposes of sentencing, was illegal, he could have no legitimate expectation of finality with respect to his original sentence for aggravated assault. As the court said in Rodriguez, supra:
Indeed, defendant's appeal grounded on merger presupposed that the two offenses constituted a whole, evidencing an expectation that an appropriate sentence could be imposed for the whole not to exceed the sentence imposed for the parts. Consequently, he may be resentenced without offending constitutional principles of double jeopardy, notwithstanding his initial commencement of the sentencing term, providing that any new sentence is in accordance with the substantive punishment standards under the Code and not in excess of the sentence originally imposed.
[97 N.J. at 277.]
We see this case as a parallel of that proposition. Historically, the pronouncement of sentence has never carried the finality that attaches to an acquittal. United States v. DiFrancesco, 449 U.S. 117, 134, 101 S.Ct. 426, 66 L.Ed.2d 328, 344 (1980). The Supreme Court emphasized the vigor of the doctrine that no rule of finality applies to the pronouncement of a sentence, whether that sentence is challenged after retrial or appeal. Id. at 135-136, 101 S.Ct. at 436-437, 66 L.Ed.2d at 344-345.
Defendant could have no expectation of finality even though he had begun service of the original sentence imposed on the merged offenses which he attacked in his petition for post-conviction relief. Thus, correction of that sentence by unmerging the two offenses which were improperly merged, and the imposition of new sentences which in the aggregate are not in excess of the original sentence imposed, do not offend principles *109 of double jeopardy. See State v. Ryan, 86 N.J. 1, cert. den. 454 U.S. 880, 102 S.Ct. 363, 70 L.Ed.2d 190 (1981).
We have also examined the sentences imposed in light of the principles of State v. Yarbough, 100 N.J. 627 (1985), cert. den. 475 U.S. 1014, 106 S.Ct. 1193, 89 L.Ed.2d 308 (1986), concerning the imposition of consecutive terms, and conclude they are consistent with the reasoning in that case. Beyond the question of merger, under the facts in this case defendant committed two separate crimes, first by inflicting bodily injury in the course of committing the theft when he stole the victim's pocketbook, followed by the infliction of serious bodily injury when he threw the victim against the wall and down to the ground fracturing her clavicle. As noted in Yarbough, there can be no free crimes. Id. 100 N.J. at 643. We conclude defendant was properly resentenced.
Relying on State v. Battle, 209 N.J. Super. 255 (App. Div.), certif. den. 105 N.J. 560 (1986), defendant also contends the aggravated assault conviction should merge into the robbery conviction notwithstanding the added element of serious bodily injury. We agree that the facts in State v. Battle are not unlike the facts in this case in that it arose out of a sidewalk purse snatching, where the victim was thrown to the ground. There, however, the victim sustained bruises and other soft-tissue injuries. In that case, we concluded there were no facts adduced at the trial which could have warranted a finding by the jury that defendant, beyond a reasonable doubt, was guilty of an attempt to cause his victim serious bodily harm. His intent was not to cause serious injury, but to obtain her purse as quickly and with as little resistance as possible. The Battle court noted that defendant physically assaulted the victim in snatching her purse, but that the assault was neither a separate offense nor a lesser included offense of a separate crime of aggravated assault. Rather, it was a constituent element of the second degree robbery of which defendant was convicted. As we said: "Since the simple assault *110 was therefore a necessary element of this robbery, it merged into the robbery and defendant cannot be separately convicted of it." Id. at 259. In Battle, we clearly noted:
The underlying problem here, as we see it, lies in the erroneous concept of the indictment. N.J.S.A. 2C:15-1(b) provides that if, during the course of committing a theft, the actor inflicts or attempts to inflict serious bodily injury on a victim, the robbery is a crime of the first degree. In effect, then, what the Legislature has clearly done in respect of the relationship between N.J.S.A. 2C:12-1 and 2C:15-1 is to designate a theft attended by a simple assault, as defined by N.J.S.A. 2C:12-1(a), as a second degree robbery and a theft attended by an aggravated assault as defined by N.J.S.A. 2C:12-1(b) as first degree robbery. In each case the respective assault is an element of the robbery. [Id. at 260.]
On the facts in Battle, the defendant was entitled to an acquittal of the aggravated assault charge. In this case, on the facts, defendant was properly convicted of the aggravated assault charge on a finding that he caused serious bodily injury to the victim. Accordingly, that conviction did not merge into the second degree robbery which only required a finding that he inflicted bodily injury.
Defendant was properly resentenced. Affirmed.
NOTES
[1] See State v. Mirault, 92 N.J. 492 (1983).
[2] The judge was in error. Defendant had been charged with and convicted of second degree robbery. In his charge, consistent with the indictment, the trial judge instructed the jury that the robbery charge required a finding that defendant inflicted bodily injury. However, in his charge on aggravated assault, the judge instructed the jury that in order to find defendant guilty of that offense they had to find that defendant caused serious bodily injury to the victim.
[3] Although defendant argues on this appeal that the post-conviction relief application was only directed to the first count charging armed robbery, we note that the judge concluded, "The court is satisfied that the sentencing of Mr. Crouch was an illegal sentence" without limiting that comment to the sentence imposed on the first count for robbery.