279 N.J. Super. 123 (1995)
652 A.2d 237
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JEFFREY T. PINDALE, SR., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 10, 1995.
Decided February 1, 1995.
*124 Before Judges MICHELS and STERN.
Susan L. Reisner, Public Defender, attorney for appellant (Sheila H. Mylan, Designated Counsel, of counsel and on the brief).
Deborah T. Poritz, Attorney General, attorney for respondent (Linda K. Danielson, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by STERN, J.A.D.
Defendant was indicted for three counts of aggravated manslaughter, N.J.S.A. 2C:11-4a (counts one, two and three), and three counts of death by auto, N.J.S.A. 2C:11-5 (counts four, five and six). The victims named in counts four, five and six were, respectively, the same people named in counts one, two and three. Defendant was also charged with fourth degree assault by auto to two other victims, N.J.S.A. 2C:12-1c (counts seven and eight).
At his first trial, defendant was convicted on all counts. The trial judge merged the death by auto convictions into the convictions for aggravated manslaughter and sentenced defendant to three consecutive twenty-year terms, with ten-year parole-ineligibility periods on each. He also sentenced defendant to concurrent *125 eighteen-month terms for the two assault by auto convictions. Defendant's custodial sentence, therefore, aggregated sixty years, with thirty years to be served before parole eligibility. Violent Crimes Compensation Board penalties, aggregating $7,560, were also imposed.
On appeal we concluded that evidence concerning defendant's lack of remorse should not have been presented to the jury and that prosecutorial excesses in summation warranted reversal of the aggravated manslaughter convictions embodied in counts one through three. State v. Pindale, 249 N.J. Super. 266, 592 A.2d 300 (App.Div. 1991). We also found error in the sentencing and, while we found no error affecting the convictions for the assault by auto, embodied in counts seven and eight, we affirmed those convictions but vacated the sentences thereon. Further, because we concluded that the errors requiring reversal of the aggravated manslaughter convictions did not affect the convictions for the lesser-included offenses of death by auto as embodied in counts four, five and six, we gave the prosecutor a choice between retrying defendant on the first six counts or proceeding directly to sentencing on counts four, five and six. Id. at 289-90, 592 A.2d 300.
The prosecutor elected to retry defendant on the first six counts, and the jury returned a guilty verdict on counts one, two and three.[1] The trial judge thereafter sentenced defendant to consecutive twenty-five year terms in the custody of the Commissioner of Corrections for each of the first three counts of the indictment, with a ten-year period of parole ineligibility on each. The judge reimposed eighteen-month sentences on counts seven and eight, making them concurrent with each other and with the *126 sentences on counts one through three. The judge also imposed a $150 aggregate Violent Crimes Compensation Board penalty.
Defendant appeals to us and argues:
POINT I THE DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO COUNSEL.
POINT II DEFENDANT'S CONVICTION FOR AGGRAVATED MANSLAUGHTER SHOULD BE REVERSED AS BEING AGAINST THE WEIGHT OF THE EVIDENCE. (NOT RAISED BELOW)
POINT III THE SENTENCE IMPOSED BY THE COURT BELOW WAS EXCESSIVE AND SHOULD BE SET ASIDE. (NOT RAISED BELOW)
POINT IV THE ASSISTANCE OF ASSIGNED DEFENSE COUNSEL WAS INEFFECTIVE AND THEREFORE VIOLATED DEFENDANTS CONSTITUTIONAL RIGHTS.
Our careful review of the record convinces us that these contentions are clearly without merit and do not warrant written discussion, R. 2:11-3(e)(2), except as herein stated.
Defendant chose to fire his public defender at the end of the State's case on the grounds of ineffectiveness and disagreement about trial strategy, including counsel's position not to call witnesses who defendant subsequently never called. Defendant could not discharge the public defender as he did, while simultaneously insisting that he could not represent himself.
After a weekend recess, defendant told the judge he chose to proceed without the public defender and "[t]o represent myself." He also said that he could have "an effective" attorney present "within an hour" for a "pre-trial conference" but the judge would not mistry the case. The record does not reflect that new counsel ever endeavored to appear on behalf of defendant. The public defender remained in the courtroom to assist defendant, although defendant objected to his attendance. Defendant said he was not competent to call witnesses and chose not to present a summation.
We are satisfied that the trial judge properly advised defendant of the dangers of self-representation and that in the circumstances there is no basis for reversing the conviction. See State v. Crisafi, 128 N.J. 499, 510-12, 517-18, 608 A.2d 317 (1992); State v. McCombs, 81 N.J. 373, 378-79, 408 A.2d 425 (1979). Moreover, *127 defendant's decision to represent himself came after the State had presented a strong case, and we cannot conclude that the strength of that case was impacted by the competence of defendant's counsel.
We also reject defendant's contention that the convictions were against the weight of the evidence. The proofs were substantial and the jury could have found, beyond a reasonable doubt, that defendant drove recklessly, without regard to the value of human life, and caused an accident in which two passengers of the pickup truck he struck and one in his own vehicle were killed, and that two others in his vehicle were seriously injured. Defendant had consumed alcohol, disregarded traffic lights and signs as well as police who were chasing him, and never applied the brakes before impact at ninety-three miles per hour.
Defendant was represented by newly-assigned counsel at sentencing. The trial judge (who was not the judge at the first trial) gave an extensive statement of reasons for the sentence he imposed. While this was defendant's first adult indictable conviction, the trial judge referred to his juvenile record and "penchant for using motor vehicles as a weapon" as reasons for not considering the lack of criminal record as a mitigating factor.[2] The judge found no mitigating factors, that defendant's conduct was "not the result of youthfulness, but were characteristics that were within him," that defendant continued to show "a lack of remorse," and that the defense, pointing the figure at his former wife as driver of the vehicle "was insulting to the intelligence of the jury."[3]
*128 The judge stated, "I don't think that the imposition of a presumptive sentence of twenty years would be compatible with my finding of [the] preponderance of aggravating factors over the mitigating factors." He also concluded that this was "one of those extreme cases that calls for sentencing outside the [State v. Yarbough, 100 N.J. 627, 498 A.2d 1239 (1985), cert. denied, 475 U.S. 1014, 106 S.Ct. 1193, 89 L.Ed.2d 308 (1986)] guidelines," and imposed the three consecutive twenty-five year sentences on the aggravated manslaughter convictions, each to be served with ten years before parole. By raising the presumptive term on the sentences for each aggravated manslaughter conviction, the judge may have also endeavored to satisfy our concern expressed on the first appeal that the original sentence included parole-ineligibility terms on presumptive sentences. See State v. Pindale, supra, 249 N.J. Super. at 289, 592 A.2d 300.
We might have no difficulty sustaining the sentence imposed but for the fact that the specific term exceeded the sentence imposed after defendant's first trial. At the first trial the aggregate specific term was sixty years, whereas here it was seventy-five years, and the judge gave no reasons for imposing a greater sentence than after the first trial. We must therefore vacate the sentences imposed on counts one, two and three, at least in the absence of specific reasons justifying the increase. See North Carolina v. Pearce, 395 U.S. 711, 723-26, 89 S.Ct. 2072, 2081, 23 L.Ed.2d 656, 668-70 (1969); State v. Rodriguez, 97 N.J. 263, 269, 478 A.2d 408 (1984); State v. Heisler, 192 N.J. Super. 586, 592-93, 471 A.2d 805 (App.Div. 1984).
This case is governed by the holding in North Carolina v. Pearce, supra, which involved a retrial following a successful appeal taken after defendant was convicted at the first trial. This *129 case, therefore, is not impacted by those decisions which have limited the application of the North Carolina v. Pearce "presumption of vindictiveness" in other contexts. See, e.g., Alabama v. Smith, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989) (the "presumption of vindictiveness" does not automatically apply where a first trial was conducted after reversal of a judgment based on a guilty plea). In North Carolina v. Pearce, the United States Supreme Court held
that neither the double jeopardy provision nor the Equal Protection Clause imposes an absolute bar to a more severe sentence upon reconviction. A trial judge is not constitutionally precluded, in other words, from imposing a new sentence, whether greater or less than the original sentence, in the light of events subsequent to the first trial that may have thrown new light upon the defendant's "life, health, habits, conduct, and mental and moral propensities." Williams v. New York, 337 U.S. 241, 245, 93 L.Ed. 1337, 1341, 69 S.Ct. 1079 [1082.] Such information may come to the judge's attention from evidence adduced at the second trial itself, from a new presentence investigation, from the defendant's prison record, or possibly from other sources. The freedom of a sentencing judge to consider the defendant's conduct subsequent to the first conviction in imposing a new sentence is no more consonant with the principle, fully approved in Williams v. New York, supra, that a State may adopt the "prevalent modern philosophy of penology that the punishment should fit the offender and not merely the crime." Id., at 247, 93 L.Ed. at 1342 [69 S.Ct. at 1083.]
To say that there exists no absolute constitutional bar to the imposition of a more severe sentence upon retrial is not, however, to end the inquiry. There remains for consideration the impact of the Due Process Clause of the Fourteenth Amendment.
........
Due process of law, ... requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.
........
In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of *130 the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.
[North Carolina v. Pearce, supra, 395 U.S. at 723-26, 89 S.Ct. at 2079-80, 23 L.Ed.2d at 668-70.]
Recent decisions of our state Supreme Court seem to indicate that defendants in New Jersey are entitled to no greater protection in these circumstances than that provided by North Carolina v. Pearce. See State v. Baker, 270 N.J. Super. 55, 77, 636 A.2d 553 (App.Div.) (upholding increased ineligibility term following remand where initial term was illegal and stating "even if defendant's sentence had not been challenged, defendant had to be aware that if he succeeded in setting aside his conviction on appeal and was again convicted after a retrial, he could receive a longer sentence upon resentencing") aff'd o.b. 138 N.J. 89, 648 A.2d 1127 (1994); State v. Rodriguez, supra, 97 N.J. at 271, 276, 478 A.2d 408 ("no legitimate expectation of finality" in convictions or sentences where "substantive convictions" were attacked on appeal thus permitting increase of sentence after merger of another conviction, stating "if the original sentence is increased, the sentencing authority must affirmatively identify the relevant conduct or events that occurred after the original sentencing proceeding in order to overcome any presumption of vindictiveness"); State v. Ryan, 86 N.J. 1, 13-14, 429 A.2d 332 (1981), cert. denied, 454 U.S. 880, 102 S.Ct. 363, 70 L.Ed.2d 190 (1981) (relying on North Carolina v. Pearce in the context of probation revocation).
The convictions are affirmed, and the matter is remanded for resentencing on counts one, two and three consistent with North Carolina v. Pearce. We do not retain jurisdiction.
NOTES
[1] The judge improperly took no verdict on counts four, five and six. See N.J.S.A. 2C:1-8(a). If there was a defect in the convictions on counts one, two and three precluding retrial, the verdict should have been taken on the other counts, albeit lesser-included offenses. The judge gave the jury instructions on aggravated manslaughter and the lesser-included offenses of reckless manslaughter and death by auto with respect to each of the first three counts.
[2] There may have been a non-indictable theft conviction in municipal court. Defendant, who was twenty at the time of the offense and twenty-four at sentencing, had a juvenile record and motor vehicle abstract including three speeding violations and two accidents.
[3] Defendant did not testify, but (consistent with his position at the first trial, see State v. Pindale, supra, 249 N.J. Super. at 274, 592 A.2d 300) maintained that his wife was driving the vehicle at the time of the accident. His former wife testified to the contrary at trial and so stated at the time of sentencing. At sentencing defendant told the judge "I was not the driver of that vehicle." Defendant does not claim that these considerations were improper. See State v. Poteet, 61 N.J. 493, 295 A.2d 857 (1972). Compare United States v. Grayson, 438 U.S. 41, 98 S.Ct. 2610, 57 L.Ed.2d 582 (1978). He claims only that the "[t]hree consecutive sentences as imposed herein by the trial court shocks the judicial conscience."