706 A.2d 769

RUDOLPH CURRY A/K/A RUMIEJAH UKAWABUTU, APPELLANT, v. NEW JERSEY STATE PAROLE BOARD, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted January 7, 1998—Decided February 27, 1998.

Before Judges MUIR, Jr, KESTIN and STEINBERG.

*Ivelisse Torres*, Public Defender, attorney for appellant (*Jay L. Wilensky*, Assistant Deputy Public Defender, of counsel and on the brief).

*Peter Verniero*, Attorney General, attorney for respondent (*Joseph L. Yannotti*, Assistant Attorney General, of counsel; *Rhonda S. Berliner-Gold*, Deputy Attorney General, on the brief).

The opinion of the court was delivered by

STEINBERG, J.S.C. (temporarily assigned).

This case of first impression requires us to consider the concept of aggregation of multiple sentences, and the effect of a previously aggregated sentence upon a new sentence imposed after a reversed conviction.

Rudolph Curry a/k/a Rumiejah Ukawabutu (defendant) appeals the calculation of his parole eligibility on his sentence for aggravated manslaughter. We agree with defendant that the calculation was incorrect and remand to the Parole Board for recalculation.

Defendant was first sentenced under Camden County Indictment 89–8–2082 to ten years of imprisonment, with three years and four months of parole ineligibility.[1] Subsequently, he was found guilty in Atlantic County Indictment 89–10–2874–B of murder and other related offenses. He was sentenced on December

---

[1] Although defendant was charged in Camden County, he was sentenced in Atlantic County as a result of an application for consolidated disposition. *R.* 3:25A.

19, 1990, to life in prison with thirty years of parole ineligibility, on the murder charge, to run consecutively to his prior sentence. Concurrent sentences were imposed on the related offenses.

On February 23, 1995, we reversed the murder conviction and remanded for a new trial. On May 1, 1996, defendant entered a plea of guilty to an amended charge of aggravated manslaughter and was sentenced, on June 7, 1996, to fifteen years in prison with five years of parole ineligibility.

After defendant, upon original sentencing, was given the appropriate jail credits for Indictment 89–8–2082, the Parole Board determined that his period of parole ineligibility would expire on October 5, 1992. As a result, he began serving the thirty-year period of parole ineligibility under Indictment 89–10–2874, as aggregated, on that date.

Defendant was never paroled on Indictment 89–8–2082 and his sentence expired on December 20, 1995, approximately eight months after his conviction for murder on Indictment 89–10–2874 had been reversed.

After defendant was sentenced for aggravated manslaughter on June 7, 1996, as a result of the plea agreement, the Parole Board did not give him credit towards the five-year parole ineligibility imposed for the period of time from October 5, 1992 through February 23, 1995, a total of two years, four months and eighteen days. This was the span of time from the expiration of the period of parole ineligibility on Camden County Indictment 89–8–2082 through the date his conviction for murder on Atlantic County Indictment 89–10–2874 was reversed.

As a result of the initial aggregation of defendant's sentences when they were initially imposed, he received credit against his parole ineligibility period of thirty years for the period of time of October 5, 1992, through February 23, 1995. Defendant should not lose that credit now. He is entitled to that credit as a result of his aggregated sentence, since he had obtained the benefit of it when his conviction for murder was reversed.

In support of its position, the Parole Board argues that the June 7, 1996 judgment of conviction for aggravated manslaughter was a new judgment of conviction rather than a resentencing or an amended judgment of conviction.

■ We recognize that we are to give due deference to the determination of an administrative agency and are constrained to uphold that determination in the absence of a showing that it is arbitrary, capricious or violative of expressed or implicit legislative policies. *Campbell v. Dept. of Civil Service*, 39 *N.J.* 556, 562, 189 *A.*2d 712 (1963); *Barone v. Dept. of Human Services*, 210 *N.J.Super.* 276, 285, 509 *A.*2d 786 (App.Div.1986), *aff'd*, 107 *N.J.* 355, 526 *A.*2d 1055 (1987).

■ However, giving due deference to the determination of the Parole Board, we nevertheless conclude that it incorrectly calculated defendant's period of parole ineligibility by ignoring the credit he earned on the reversed conviction and treating it as if it never existed. If defendant loses the credit, he would, to some extent, be penalized for successfully exercising his right to appeal.

Initially, a defendant sentenced to state prison becomes eligible for parole after having served any judicial or statutory mandatory minimum term, or one-third of the sentence imposed, where no mandatory minimum term has been imposed, less commutation time for good behavior and credits for diligent application to work and other institutional assignments. *N.J.S.A.* 30:4–123.51a. However, commutation and work credits do not reduce a judicial or statutory mandatory minimum term and such credits accrued are only awarded after the expiration of the minimum term. *Ibid.* The parole date thus established is known as the "primary eligibility date." *Ibid.*

If a defendant is sentenced to more than one term of imprisonment, the primary parole eligibility terms calculated for each sentence must be aggregated by the Parole Board for the purpose of determining the primary parole eligibility date. *N.J.S.A.* 30:4–

123.51h. This is referred to as aggregating the sentences. The result of the calculation is known as the aggregated sentence.

In addition, when terms of imprisonment are imposed consecutively, the terms are added to arrive at an aggregate term to be served equal to the sum of all terms. *N.J.S.A.* 2C:44–5e(2). *N.J.S.A.* 30:4–123.51h provides that "[t]he board shall promulgate rules and regulations to govern aggregation under this subsection." Pursuant to that statutory mandate, the Parole Board has promulgated *N.J.A.C.* 10A:71–3.2(d) which provides as follows: "[w]hen a consecutive term is imposed, the parole eligibility term derived from the consecutive term, less county jail credits, shall be added to the parole eligibility term derived from the original term, less county jail credits, to determine the aggregate parole eligibility term."

As a result of the statutory and regulatory provisions, the mechanical function of aggregating sentences is to be performed by the Parole Board, not the sentencing court. *N.J.S.A.* 2C:44–5e(2); *N.J.S.A.* 30:4–123.51h; *N.J.A.C.* 10A:71–3.2(d).

 A defendant may not be penalized for exercising a constitutional right. *U.S. v. Jackson*, 390 *U.S.* 570, 88 *S.Ct.* 1209, 20 *L.Ed.*2d 138 (1968) (invalidating a portion of the Federal Kidnapping Act that authorized only the jury to impose the death penalty so that one who pleads guilty cannot receive the death penalty, while a defendant who exercises his or her right to a jury trial runs the risk of being sentenced to death); *Griffin v. California*, 380 *U.S.* 609, 85 *S.Ct.* 1229, 14 *L.Ed.*2d 106 (1965) (invalidating a California constitutional provision permitting the State and the trial court to comment upon defendant's failure to testify on his own behalf). A State is not constitutionally required to establish avenues of appellate review. *North Carolina v. Pearce*, 395 *U.S.* 711, 724, 89 *S.Ct.* 2072, 2079, 23 *L.Ed.*2d 656, 669 (1969). However, "once established, these avenues must be kept free of unreasoned distinctions that can only impede open and equal access to the courts." *Ibid.* (citations omitted).

Here, the State of New Jersey has expressly granted a right of appeal to this court. *N.J. Const.* art. VI, § 5, ¶ 2. Defendant's exercise of that right should not be chilled by the threatened or actual loss of credits against the conviction and sentence appealed, if successful. A defendant must feel free to exercise his guaranteed right of appeal. As the United States Supreme Court stated in *North Carolina v. Pearce, supra,* 395 *U.S.* at 725, 89 *S.Ct.* at 2079, 23 *L.Ed.*2d at 669:

> Due process of law ... requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.

Penalizing a defendant for exercising a right to appeal, or the threat of a penalty for exercising that right, is a flagrant violation of the Fourteenth Amendment which effectively chills the exercise of a basic right. *North Carolina v. Pearce, supra,* 395 *U.S.* at 723–24, 89 *S.Ct.* at 2079, 23 *L.Ed.*2d at 668; *State v. Pindale,* 279 *N.J.Super.* 123, 128, 652 *A.*2d 237 (App.Div.1995) (vacating sentence imposed after retrial which exceeded the initial sentence imposed, in the absence of reasons given by the sentencing judge for imposing a greater sentence than after the first trial). A defendant may not be penalized simply because he exercised his right to appeal and succeeded.

Here, defendant's murder conviction was reversed because of legal error. He should not be disadvantaged for that fact. It is of no consequence that the charge he ultimately pled guilty to is not the exact same charge he was convicted of, but was a lesser included offense. That fact alone should not deprive him of the credits to which he had become entitled. In sum, defendant should not lose the credit towards the second period of parole ineligibility as a result of his successful appeal of the underlying murder conviction. Had he been initially sentenced on the aggravated manslaughter charge on December 19, 1990, and his sentence aggregated on that date, he would have been given credits towards the five-year period of parole ineligibility ultimately im-

posed on June 7, 1996, for the period from October 5, 1992 through February 23, 1995. Defendant is now entitled to those credits towards his period of parole ineligibility.

We reject respondent's contention that the appropriate forum for the credit issue is the sentencing court in the first instance. This is not a question of an award of jail credits pursuant to *R.* 3:21–8. The initial responsibility for awarding those credits rests with the trial court. This is a question of aggregation of sentence. The initial responsibility for that calculation is with the Parole Board. *N.J.S.A.* 30:4–123.51h.

We therefore conclude that the Parole Board erred when it established defendant's primary eligibility date and reverse and remand to it for a new calculation consistent with this opinion.[2]

---

[2] Although not raised by the parties, defendant may be entitled to additional jail credits and gap time credits. We note that when appellant was initially sentenced for murder under indictment 89-10-2974 he received jail credit for the period of October 11, 1989 through April 11, 1990, which was the date he was sentenced on indictment 89-8-2082. When he was sentenced on June 7, 1996, for aggravated manslaughter he did not receive that credit. This has not been raised by appellant and we take no position other than to state that our decision is without prejudice to the right of appellant to seek whatever additional jail credits or gap time credits he may be entitled to.