**Jeffrey Todd PINDALE, Sr., Petitioner,**

v.

**William Stanley NUNN,
et al., Respondents.**

United States District Court,
D. New Jersey.

Feb. 25, 2003.

Jeffery Todd Pindale, Sr., Bridgeton, NJ, Pro se.

Linda K. Danielson, Deputy Attorney General, Office of New Jersey, Trenton, NJ, for Respondents.

## OPINION

SIMANDLE, District Judge.

Jeffery Todd Pindale, a prisoner confined at South Woods State Prison, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a). When the Respondents filed their answer to this pe-

tition, they also filed 28 supporting exhibits, addressed in their answer, only one of which Petitioner claims to possess. Respondents have refused to make copies of these documents for service upon Petitioner. The main issue to be decided is whether the Respondents in a Section 2254 case, who are under the duty to attach relevant portions of the record to the answer and to serve the answer on the Petitioner, are also required to furnish a copy of the relevant record documents to the Petitioner. This Court, in an Order filed June 11, 2002, had directed the Respondents to serve Petitioner with a copy of the relevant record. In the present motion, the Respondents seek reconsideration of that Order.[1] For the following reasons, the Court reconsiders that Order and again finds that Respondents must serve Petitioner with copies of the record documents that were attached to the Answer and filed with the Clerk.

## I. BACKGROUND AND PROCEDURAL HISTORY

The Petitioner challenges a judgment of conviction filed March 30, 1992, and revised March 16, 1996, in the Superior Court of New Jersey, Cumberland County, for three counts of aggravated manslaughter and two counts of fourth degree assault by auto, and imposing an aggregate sentence of 60 years, with a 30–year period of parole ineligibility. (Pet. ¶¶ 1–10; J. Conv. filed Feb. 28, 1992, attachm. Da–4 & Da–5 to Pet.; Resentencing Tr. of March 16, 1996, attachm. R20 to Answer; *State v. Pindale*, 279 N.J.Super. 123, 125, 652 A.2d 237 (App.Div.1995).)[2]

---

1. A second motion was pending whereby Petitioner sought to compel Respondents to itemize the time he was hospitalized or housed in the Extended Care Unit. Petitioner alleges this discovery is necessarily related to Respondents' assertion that the petition is time-barred. This motion is moot because counsel for Respondents supplied the information, as reflected in the accompanying Order.

2. Respondents filed a copy of the transcript of the resentencing hearing of March 16, 1996, but not the revised judgment of conviction and sentencing.

At his first trial, Pindale was convicted in Cumberland County of three counts of first degree aggravated manslaughter and two counts of fourth degree assault by auto that occurred on March 5, 1988, and sentenced to three consecutive 20–year terms, with a 10–year period of parole ineligibility on each aggravated manslaughter conviction, and two 18-month concurrent terms on the two assault by auto convictions. *See State v. Pindale,* 249 N.J.Super. 266, 272, 592 A.2d 300 (App. Div.1991). Pindale appealed the convictions and sentence. (Pet.¶ 9.) On February 28, 1991, the Appellate Division of the Superior Court of New Jersey affirmed the convictions for fourth degree assault by auto but vacated the sentences therefor, and reversed the convictions for aggravated manslaughter. *Pindale,* 249 N.J.Super. at 286–90, 592 A.2d 300. The New Jersey Supreme Court denied Pindale's Petition for Certification.

The prosecutor retried Pindale on three counts of aggravated manslaughter and three counts of death by auto, and on January 13, 1992, the jury found Pindale guilty on three counts of aggravated manslaughter. (Tr. of Jan. 13, 1992, attachm. R17 to Answer.) *See State v. Pindale,* 279 N.J.Super. 123, 124–26, 652 A.2d 237 (App. Div.1995). The trial judge sentenced Pindale to three consecutive 25–year terms, with a 10–year period of parole ineligibility on each. (Sentencing Tr. of Feb. 28, 1992, attachm. R18 to Answer) *Pindale,* 279 N.J.Super. at 124–26, 652 A.2d 237. On Pindale's appeal, the Appellate Division affirmed the convictions, vacated the sentences under the Due Process Clause because they exceeded the sentences imposed after the first trial, and remanded for resentencing. *Id.* at 128–30, 652 A.2d 237. The New Jersey Supreme Court denied Pindale's Petition for Certification on June 7, 1995. (Order filed June 7, 1995, attachm. R6 to Answer.)

On March 16, 1995, the Superior Court of New Jersey, Cumberland County, resentenced Pindale to three consecutive 20–year terms, with a 10–year period of parole ineligibility on each aggravated manslaughter conviction. (Resentencing Tr. of March 16, 1995, attachm. R20 to Answer)

Pindale filed an application for post conviction relief which the trial court denied on July 11, 1997, without an evidentiary hearing. (Pet. ¶ 11; attachm. R21 & attachm. R7 at Da–36 to Answer.) The trial court denied Pindale's motion for reconsideration by Order filed September 15, 1997. (Order filed Sept. 15, 1997, attachm. R7 at Da–12 to Answer.) By Opinion filed January 21, 2000, the Appellate Division affirmed denial of the motion for reconsideration. (*New Jersey v. Pindale,* A–4537–97T4, slip op. (Superior Ct. of New Jersey, App. Div. Jan. 21, 2000), attachm. R9 to Answer) On April 3, 2001, the New Jersey Supreme Court denied Pindale's Petition for Certification. *State v. Pindale,* 168 N.J. 290, 773 A.2d 1153 (2001) (table) (attachm. R12 to Answer.)

On March 15, 2002, the Clerk of this Court accepted for filing the instant Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. By Order entered April 1, 2002, the Court advised Pindale of the consequences of filing a § 2254 Petition under the Antiterrorism and Effective Death Penalty Act, and gave him an opportunity to file one all-inclusive § 2254 petition. (Order entered April 1, 2002.) By response dated April 2, 2002, Pindale asked the Court to rule on his Petition "as is." (Response entered April 4, 2002.) By Order filed April 8, 2002, the Court ordered Respondents to file an answer accompanied by certified copies of the State court record. (Order entered April 10, 2002.)

By letter dated May 30, 2002, Pindale informed Deputy Attorney General Linda

K. Danielson that, although he received Respondents' Answer on May 28, 2002, he did not receive the exhibits referred to throughout the answer. In the letter, Pindale asked Ms. Danielson to provide a copy of the 28 exhibits referred to in the Answer. On June 4, 2002, DAG Danielson informed Pindale by letter that she was not in a position to comply with his request because there was nothing in the Order filed April 8, 2002, requiring the State to provide a copy of the record to Petitioner. Having received copies of these letters, the Court ordered Respondents to serve the documents filed with the Answer on or before June 26, 2002. (Order entered June 11, 2002.)

On June 20, 2002, Respondents filed a Motion for reconsideration and to stay and vacate the Order entered June 11, 2002. On June 24, 2002, the Court stayed that Order pending disposition of the Respondents' Motion. On July 19, 2002, Petitioner filed a response opposing Respondents' Motion.

## II.  DISCUSSION

The State seeks an order vacating the Order entered June 11, 2002, directing it to serve on Petitioner the documents it attached to and filed with the Answer. First, the State contends that service of the documents filed with its Answer is not necessary and should not be required because Pindale already has them. This assertion is evidently inaccurate and therefore could not provide support for Respondents' failure to serve the documents. Pindale states in his response to the State's motion that he does not have 27 of the 28 documents filed with the Answer. (Petitioner's Response filed July 19, 2002.)

■ The Court's Order requiring service of the documents filed with the Answer accords with Rule 5 of the Rules Governing Section 2254 Cases ("Habeas Rule 5") which sets forth the requirements for an answer in a § 2254 case. Habeas Rule 5 expressly requires a respondent to file an answer and to attach to and file with the answer certain documents from the underlying state criminal case. Habeas Rule 5, entitled "Answer; Contents," provides in relevant part:

> The answer shall respond to the allegations of the petition. In addition it shall state whether the petitioner has exhausted his state remedies.... The answer shall indicate what transcripts ... are available, when they can be furnished, and also what proceedings have been recorded and not transcribed. *There shall be attached to the answer* such portions of the transcripts as the answering party deems relevant. *The court on its own motion or upon request of the petitioner may order that further portions of the existing transcripts be furnished* or that certain portions of the non-transcribed proceedings be transcribed and furnished.... If the petitioner appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, *a copy of the petitioner's brief on appeal and of the opinion of the appellate court, if any, shall also be filed by the respondent with the answer.* [emphasis added]

Rule 5 of the Rules Governing Section 2254 Cases.

Habeas Rule 5 does not on its face require service of the answer or service of the documents attached to the answer but the Advisory Committee's Note states that the rule "necessarily implies" service. "Rule 5 does not indicate who the answer is to be served upon, but it necessarily implies that it will be mailed to the petitioner (or to his attorney if he has one)." Advisory Committee's 1976 Notes on Rule 5 of Rules Governing Section 2254 Cases

in the United States District Courts. As the Supreme Court recently observed, "[i]n the absence of a clear legislative mandate, the advisory Committee Notes provide a reliable source of insight into the meaning of a rule." *United States v. Vonn,* 535 U.S. 55, 122 S.Ct. 1043, 1049 n. 6, 152 L.Ed.2d 90 (2002); *see also Schiavone v. Fortune,* 477 U.S. 21, 31, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986). Commentators agree that Habeas Rule 5 requires the government to serve documents attached to and filed with the answer on the petitioner or her attorney, if she has one.[3] Moreover, as this case illustrates, failure to serve the documents attached to the answer disadvantages petitioner's ability to rebut the arguments raised in the answer.[4] The Court accordingly concludes that Habeas Rule 5 required Respondents to serve the Answer and the documents attached to and filed with the Answer on Pindale.

■ Even if Habeas Rule 5 did not require service of the documents, Rules 5(a) and 12(a) of the Federal Rules of Civil Procedure require service of an answer and service of papers filed with the court, and the Federal Rules of Civil Procedure apply to § 2254 cases through Habeas Rule 11. Habeas Rule 11 provides: "The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with these rules, may be applied, when appropriate, to petitions filed under these rules." Rule 11 of the Rules Governing Section 2254 Cases. *See Robinson v. Johnson,* 313

F.3d 128, 134 (3d Cir.2002) (affirmative defense rule, Fed.R.Civ.P. 8(c), applies to § 2254 cases); *see also United States v. Thomas,* 221 F.3d 430 (3d Cir.2000) (relation back rule, Fed.R.Civ.P. 15(c), applies to § 2255 motions).

Rule 12(a) of the Federal Rules of Civil Procedure, captioned "When Presented," requires service of an answer within specified time limits. *See* Fed.R.Civ.P. 12(a)(1). Rule 5 of the Federal Rules of Civil Procedure generally requires service of papers filed with the court on all parties not in default. *See* Fed.R.Civ.P. 5(a). Entitled "Service: When required," Fed.R.Civ.P. 5(a) provides in relevant part:

> Except as otherwise provided in these rules, every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, every paper relating to discovery required to be served upon a party unless the court otherwise orders, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, designation of record on appeal, and similar paper shall be served upon each of the parties. No service need be made on parties in default for failure to appear except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4.

**3.** *See* 1 Randy Hertz & James S. Liebman, *Federal Habeas Corpus Practice and Procedure* § 19.2 (4th ed. 2001) ("Because Habeas Rule 5 states that 'relevant' portions of the record 'shall be attached to the answer,' any order under Rules 4 and 5 of the Rules Governing § 2254 Cases requiring the state to answer the petition and to serve its answer on the petitioner ... also presumedly requires the state to serve on the petitioner-whether or not indigent-the 'attached' portions of the record"); 28 Moore's Federal Practice § 671.03[7] (3rd ed. 1997) (Habeas Rule 5

requires the answer to set forth certain matters including "attachments consisting of those portions of the transcripts that the answering party deems relevant" and "[t]he answer should be served on the petitioner or the petitioner's attorney").

**4.** Pindale asserts that, because the Answer continuously refers to the documents, he cannot rebut the State's arguments without the documents. (Petitioner's Response filed July 19, 2002.)

Fed.R.Civ.P. 5(a). Rule 5(b), entitled "Making service," sets forth how service of papers is effected after service of the complaint. *See* Fed.R.Civ.P. 5(b)(2)(A) & (B).

The State nonetheless argues that 28 U.S.C. § 2250 requires the Clerk of the Court to furnish these documents to Petitioner on order of the Court. Section 2250 provides:

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application *in forma pauperis,* the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

28 U.S.C. § 2250.

■ Section 2250 does not support the State's argument because it does not apply to this case. Section 2250 expressly applies only where a petitioner is proceeding *in forma pauperis* and Pindale is not proceeding *in forma pauperis.*[5]

■ Local Civil Rule 81.2(d) which governs the answer to a habeas corpus petition in this Court is consistent with Habeas Rule 5 and Federal Rules of Civil Procedure 5(a) and 12(a).[6] The rule provides in pertinent part:

The respondent shall file and serve his or her answer to the petition … not later than 45 days from the date on which an order directing such response is filed with the Clerk, unless an extension is granted for good cause shown. The answer shall include the respondent's legal argument in opposition to the petition…. The respondent shall also file, by the same date, a certified copy of all briefs, appendices, opinions, process, pleadings, transcripts and orders filed in the underlying criminal proceeding …

Local Civ. R. 81.2(d).

■ The Court notes that Local Civil Rule 81.2(d) requires respondent to "file and serve" the answer within 45 days of the date on which the order to answer is filed, and requires respondent to "file, by the same date," certified copies of documents from the underlying criminal proceeding. The absence of the word "serve" in regard to documents filed with the answer does not, however, mean that the rule precludes service of such documents. The local rules of the federal district courts must be enacted and interpreted in harmony with the general rules of practice and procedure prescribed by Congress.[7] This is so because the consistency clause of 28 U.S.C. § 2071(a)[8] operates as a limit upon the power of district courts to fashion their local rules. Thus, in the present case,

---

**5.** In any event, to the extent that § 2250 conflicts with court rules requiring service of an answer and papers filed with the Court, the statute is of no force or effect. *See, infra.* Section 2072 of Title 28, which authorizes the Supreme Court to prescribe rules for cases in the United States district courts, provides that "[a]ll laws in conflict with such rules shall be of no further force or effect after such rules have taken effect." 28 U.S.C. § 2072.

**6.** Section 2071(a) of Title 28 of the United States Code and Rule 83(a) of the Federal Rules of Civil Procedure authorize district courts to prescribe local rules, provided they

are consistent with rules adopted under 28 U.S.C. § 2072 and Acts of Congress. Section 2072(a) authorizes the Supreme Court to "prescribe general rules of practice and procedure and rules of evidence for cases in the United States district courts and courts of appeals." 28 U.S.C. § 2072(a). The Supreme Court promulgated the Rules Governing Section 2254 Cases in the United States District Courts under § 2072. *See* Pub.L. 94–426, 90 Stat. 1334 (Sept. 28, 1976).

**7.** *See* n. 6, *supra.*

**8.** *Id.*

Local Civil Rule 81.2(d) cannot be applied so as to eliminate the requirement of serving copies of documents that have been filed with the Court, where those requirements inhere in Rules 5(a) and 12(a), Fed. R.Civ.P., and Habeas Rule 5, *supra.*

In light of the requirements of Habeas Rule 5 and Rules 5(a) and 12(a), Fed. R.Civ.P., the Court finds that mere omission of the word "serve" in Local Civil Rule 81.2(d) does not mean that the rule precludes service of documents attached to and filed with the answer. In enacting Local Civil Rule 81.2(d), the Board of Judges could not have intended to exempt respondents from the requirement of service because doing so would be at variance with the congressionally enacted provisions of Habeas Rule 5 and Federal Rules of Civil Procedure 5(a) and 12(a), *supra.*[9]

Based on the foregoing, the Court holds that service of the documents filed with and attached to an answer is required by Habeas Rule 5; moreover, even if service were not explicitly required by Habeas Rule 5, Rules 12(a) and 5(a) of the Federal Rules of Civil Procedure apply to § 2254 cases through Habeas Rule 11, *supra*, and compel this result. Rule 12(a) requires service of an answer and Rule 5(a) generally requires service of filed papers on all parties not in default. This result also underlines the importance of assuring that a Section 2254 petitioner is afforded the one full, final opportunity to seek relief from his or her state conviction under the Anti Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), removing any doubt that the petitioner receives the documents filed by the State in supplying the record for adjudicating the federal habeas petition.

Accordingly, the Court denies Respondents' motion to vacate the Order entered June 11, 2002. The Court will lift the stay of that Order and direct Respondents to serve the documents filed with their Answer on Petitioner within 20 days. The Court will grant Petitioner 45 days from receipt of the documents to file a reply to the Answer.

### III.  CONCLUSION

Based on the foregoing, this Court, upon reconsideration, denies Respondents' Motion to vacate the Order entered June 11, 2002, vacates the temporary stay of the June 11, 2002 Order, orders Respondents to serve copies of the documents attached to and filed with the Answer on Petitioner within 20 days of the entry of the Order accompanying this Opinion, and grants Petitioner 45 days from the date he receives the documents to file a reply to the answer.

### ORDER

For the reasons set forth in the Opinion filed herewith,

IT IS on this day ___ of ___ 2003,

ORDERED that Respondents' Motion [docket entry # 19] to reconsider the Order entered June 11, 2002 [docket entry # 14], is granted; and it is further

ORDERED that Respondents' Motion [docket entry # 19] to vacate the Order entered June 11, 2002 [docket entry # 14], is denied; and it is further

ORDERED that the Order [docket entry # 21] staying the June 11, 2002, Order is vacated and the stay is dissolved; and it is further

ORDERED that, within 20 days of the date of the entry of this Order, Respon-

---

**9.** The requirement for serving a § 2254 Petitioner with copies of the documents attached to Respondents' answer need not impose an unnecessary burden upon the State. If it were clear that the Petitioner already possessed copies of all documents, the State could ask to be relieved of the unnecessary copying burdens.

dents shall serve on Petitioner copies of the documents filed with the Answer and shall file a certificate of service; and it is further

ORDERED that Petitioner may file and serve a reply to the Answer within 45 days of the date he receives the documents filed with the Answer; and it is finally

ORDERED that Petitioner's Motion [docket entry # 8] to compel Nunn to file and serve a statement of the time he was hospitalized and housed in the Extended Care Unit is dismissed without prejudice as moot.