BAYLSON, District Judge,
concurring:
I concur in the result, but I decline to join the broad ruling of the majority, particularly requiring that, when an answer is filed to a habeas petition, all exhibits and items “referenced” in the answer, must always be served on the petitioner.
I agree with the majority that the factual record in this case requires a reversal. The district court should have required that the Florida Attorney General provide to petitioner a copy of the appendix to its answer. This is the correct result in this case, but not because the appendix to the answer had been filed with the district court. More importantly, the district court decided (correctly), to consider the petition on the merits and extensively relied on and quoted from testimony and exhibits in the appendix, in deciding to deny the petition. Without the full record, petitioner was unable to meaningfully participate.
Although it is well established by Habe-as Rule 12, that the Federal Rules of Civil Procedure may be applied in construction of the habeas rules, this application is not mandatory. Rules Governing § 2254 Cases, Rule 12 (“The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.”).
In my view, a proper construction of Habeas Rule 5 would not require service of exhibits to an answer unless a district court specifically so orders, usually after it determines it has jurisdiction, the petition is timely, the petitioner has exhausted state court remedies, and a review of the substantive merits of the petition will follow.
A. This Case
In this case, the district court had jurisdiction, the petition was timely and petitioner had exhausted his state court remedies. Therefore, the Magistrate Judge was obliged to make a detailed review of the allegations of the petition, the state’s response, and the factual record.
In this case, the responding state law enforcement agency, as part of its answer to the habeas petition, had filed the state court trial record in a detailed appendix. Because the district court found it appropriate to rely on and cite to the contents of the appendix in its adjudication of the ha-beas petition on the merits, fundamental fairness requires that the petitioner should have received a copy of the answer and appendix in sufficient time to allow for *1083 review, and to submit argument and/or evidence to the district court.
The record shows petitioner had some parts of the trial record, but there is no showing he had access to all the materials in the appendix on which the respondent and the Magistrate Judge relied. Petitioner’s motion to compel service of the appendix should have been granted. Alternatively, petitioner’s motion for reconsideration should have been granted. The denial of these motions was an abuse of discretion in this case.
After the filing of a Report and Recommendation that his petition be denied, petitioner filed objections, which were overruled by the District Judge without opinion. Petitioner contends that access to the full appendix would have aided him in requesting leave to amend the petition, file a reply brief and/or making more detailed objections to the Report and Recommendation. We do not have to determine that petitioner would have necessarily been successful; his lack of a full appendix was prejudicial.
The majority’s broad holding, requiring not only service of an answer, but also the record filed with the answer, and items “referenced” in the answer, in every habe-as case, is not required to decide this case. Further, it is a result not required under any rule or legal precedent. I further believe it is a bad precedent and ignores the reality of how habeas cases are usually managed in district courts.
B. Habeas Rules 4 and 5
The language and structure of the Habe-as Rules does not require the broad ruling by the majority.
Initially, separate rules exist for habeas cases because they are a unique type of civil litigation. Their disposition is not governed by any common law rule, but by a specific statute, the Antiterrorism and Effective Death Penalty Act (“AEDPA”), enacted by Congress in 1996, 28 USC § 2254. Adjudication of federal habeas petitions from state court convictions is important to the administration of criminal justice, for principles of federalism, as well as to the petitioners and prosecutors. See generally Martinez v. Ryan, — U.S. —, 132 S.Ct. 1309, 1316, 182 L.Ed.2d 272 (2012) (“Federal habeas courts reviewing the constitutionality of a state prisoner’s conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism.”). The very limited review of state court criminal convictions under Section 2254 was recently emphasized by the United States Supreme Court in Burt v. Titlow, - U.S. -, 134 S.Ct. 10, 187 L.Ed.2d 348 (2013).
The consideration of a Section 2254 petition by a federal district court (often referred to a Magistrate Judge for a Report and Recommendation) is a step-by-step process:
(1) The Clerk must serve a copy of the petition and any order on the respondent and appropriate state officer under Habeas Rule 4. Under Habeas Rule 5 “a respondent is not required to answer the petition unless a judge so orders.”
Habeas Rule 4 further states:
If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.
*1084 Thus, the court determines whether, after reviewing the petition, an answer should be required from the responding state law enforcement agency, often the state attorney general or a local district attorney.
(2) If the court requires an answer, then Rule 5 requires the respondent state law enforcement agency to “attach to the answer parts of the transcript that the respondent considers relevant” and must indicate what transcripts are available, and what recorded proceedings have not yet been transcribed. Prior state appellate court briefs, opinions, and dispositive orders must also be filed with the answer.[1]
As Rule 5(b) provides, the state must also, in its answer, indicate whether the claim is barred for reasons such as the statute of limitations or for reasons such as failure to exhaust state remedies, procedural bars, non-retroactivity, or a second or successive petition. Even if the district court determines that an answer should be filed, it may still determine the habeas petition must be dismissed on one or more of these grounds. If so, the district court has likely not considered any record submitted by the respondent, but has likely ruled, based on the contents of the petition itself, and relevant state court opinions. The detailed trial transcripts and trial exhibits are not likely to be relevant for consideration of dismissal on any of these grounds.
(3) The district court then determines either after step (1) or after steps (1) and (2), whether the petition is timely and whether the petitioner has exhausted his state court remedies. If not, the court is obliged to dismiss the petition. If the petition is not timely, the dismissal will likely be with prejudice. If petitioner has not exhausted state court remedies, the dismissal will likely be without prejudice so petitioner can return to state court for exhaustion purposes, and then refile in federal court. With some exceptions, the district court will also dismiss for lack of jurisdiction if it finds the petition is a “second or successive” petition. 28 U.S.C. § 2244(b).
(4)If the district court finds the petition is not barred by any of the reasons set forth above, then the district court must undertake a full examination of the merits of the petition.
Habeas Rule 5 allows the district court judge discretion as to when to require that respondent, or the state court itself, supply additional portions of the record. At this point, the answer and any portions of the record filed by the respondent with the answer, or subsequently, should be served on the petitioner. Once the district court determines review of the habeas petition on its merits is appropriate, fundamental fairness requires that the petitioner shall have the answer and record as filed. As in the case, without the answer and record, the petitioner cannot appropriately participate in the adjudication of the petition on the merits, by seeking to move to amend the petition, file a reply brief as allowed by Rule 5(e), and/or file detailed objections if the report and recommendation is adverse to petitioner.[2]
*1085 Prior to stage (4), the district court has, in all likelihood, not reviewed the record in any detail, but has only made a preliminary examination, most likely from the petition itself, the answer, and the state court opinions and briefs (also required to be filed with the answer by the respondent), to determine whether the petition is timely and petitioner has exhausted state court remedies.
Most importantly, Rule 5(b), recognizes the sequential nature of habeas review when it specifies that the respondent itself need only file portions of the record it considers “relevant.” If the respondent believes that the petitioner is not entitled to review on the merits, the attached record may be limited to that issue. However, the judge need not accept the respondent’s determination of what is relevant, after full review of the petition and the answer, and order respondent to file any additional portions of the record at the judge’s discretion.
Although Habeas Rule 5(e) provides for a reply brief, it may only be filed “within a time fixed by the judge.” This language confirms the step-by-step approach detailed above and acknowledges the need for individual judicial management of each particular habeas case, rather than a broad rule that will apply in all cases.
The reason for this structure is obvious. In reviewing the petition, if it plainly appears from the petition, with or without an answer and/or attached record of prior proceedings, that the petition should be dismissed because of legal principles relating to jurisdiction, timeliness or exhaustion, without further inquiry into the merits, the district court may do so, thus obviating detailed review of the petitioner’s substantive claims.
These legal principles result in frequent dismissals of Section 2254 petitions. If the defect can be remedied, the dismissal will be without prejudice.
If the district court determines that the petition deserves consideration on the merits, then, at that time, the district court, by whatever means is appropriate, (a court order, letter to the prosecutor, etc.) should require service on the petitioner, and provide the petitioner with time to review the answer and the record, and an opportunity to either amend the petition, file a reply brief in opposition to the state’s response (as provided in Habeas Rule 5(e)), or file objections if a magistrate judge has issued a report and recommendation that the petition be denied.
The majority notes that 28 U.S.C. § 2250, which entitles indigent petitioners to secure documents from the clerk without cost, is an insufficient solution to the disposition of this case. I agree Section 2250 is not an efficient remedy, because the clerk can only copy what has already been filed in the district court. Magistrate judges can more easily secure the record, as described in Habeas Rule 5, and require a respondent to serve it on the petitioner. However, the language of Section 2250 supports my view that management of ha-beas cases requires a judicially-controlled scheme to provide a petitioner with portions of the record only when the judge requires it to be furnished:
If on any application for a writ of habeas corpus an order has been made permit *1086 ting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.
28 U.S.C. § 2250 (emphasis added).
One of the leading commentaries on federal habeas practices, Federal Habeas Corpus Practice and Procedure, discusses the structure of the initial stages of habeas corpus practices. After some history on this topic, the authors write: “After the petition is filed, there are several points at which the question may arise whether the court should dismiss the pleading (the petition) summarily because the grounds for relief asserted are facially lacking in merit.” 1 Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure § 15.2[a] (6th ed.2011). The treatise then discusses in some detail, with supporting footnotes, some of the procedural steps noted above. Although the authors contend that Rule 5 “necessarily implies” that the “answer” will be mailed to the petitioner (or to his attorney if he has one), the treatise says nothing about service of the record itself. Id. at § 16.1[b].
C. Reasons Why the Majority’s Rule is Problematic and Burdensome
Requiring service of an answer and the record whenever filed, in each and every Section 2254 case, no matter how groundless, untimely or premature the habeas petition may be, puts an expensive burden on state court prosecutors. Obviously, compliance with these provisions can be a very time-consuming and detailed task by the responding state agency, sometimes requiring a great deal of searching for transcripts, exhibits and other documents from state court stenographers, reporters, and clerks. In terms of volume of paper, a lengthy state court trial, direct appeals and state post-conviction proceedings, can result in a multi-volume set of proceedings, encompassing hundreds or even thousands of pages.
In addition to the burden imposed on state prosecutors, this broad rule is also likely to impose burdens on federal judicial officers. Many petitioners do not fully understand the substantial procedural hurdles the court must “jump over” before considering a Section 2254 petition on the merits. Petitioners may view the receipt of an answer with exhibits and the state court record as an opportunity to further advocate the merits of their petition. The majority’s rule may result in this increased volume of paper — habeas petitioners do not use electronic filing — which is of naught until and unless the court determines review on the merits is appropriate.
I believe that the language in the majority’s opinion which requires, in every habe-as case, service of factual materials that are attached or merely “referenced” in an answer would have unintended adverse consequences. The ruling may invite state law enforcement agencies in this Circuit to file very general answers, without any attachments or references to factual materials, just to avoid serving them on the petitioner. Prosecutors arguably have this right because Rule 5(c) gives discretion to the prosecutor to determine what is “relevant.” They will be naturally inclined to adopt a very narrow view of what is “relevant.” [3] The unintended consequence of *1087 language broader than necessary to decide this case will likely make the state’s answers to petitions much less useful to district court judicial officers.
A useful booklet recently published by the Federal Judicial Center, Section 225k for Capital Habeas Cases: A Pocket Guide For Judges, specifically notes that the treatment of habeas cases is often framed by local practice and culture: “The approach utilized by district court to manage a first-time habeas petition often revolves around local practice and culture, as well as specific issues presented by an individual case.” Kristine M. Fox, Section 225k for Capital Habeas Cases: A Pocket Guide For Judges 17 (2012). Although this practical publication is mostly devoted to management of capital habeas cases, the above quotation reflects the truism of how habe-as eases are often managed.
However, I do not believe that the majority’s broad, circuit-wide rule, requiring service of the answer and record each and every time they are filed in the district court, should be binding on all habeas cases within the Eleventh Circuit.
D. Applicable Law and Practice Does Not Require the Majority’s Broad Ruling
We should also take into account the holding of McBride v. Sharpe, 25 F.3d 962 (11th Cir.1994) (en banc), which considered the impact of Habeas Rule 8 in the context of a motion for summary judgment, and the provisions of Rule 56(c), which at that time required ten day notice to the moving party if the Court was going to consider evidence outside the record. Petitioner McBride contended that the ten-day notice requirement of Rule 56 should be applied in every habeas case in which the respondent had moved for summary judgment. Id. After discussion of prior Eleventh Circuit cases reviewing the habeas procedural rules and decisions from the Fifth Circuit, this Court en banc rejected the petitioner’s arguments and ■ concluded the following:
We find Rule 56(c) notice inconsistent with a Habeas Rule 8(a) disposition when the parties do not raise issues requiring a factual inquiry outside the record and the district court does not rely on material outside the record in disposing of the petition. Thus, we hold that the ten-day notice requirement of Rule 56(c) does not apply to such a disposition pursuant to Habeas Rule [12].
Id. at 973. I respectfully believe that the holding of McBride counsels against a broad, circuit-wide rule based on Habeas Rule 5, making service of an answer and the record mandatory in all cases.
There are at least two situations in which the majority’s expansive, circuit-wide interpretation of Rule 5 may be unnecessary.
The first is where, by state or local practice, a defendant who has been convicted of a crime is provided with a copy of the trial transcript and exhibits as a matter of course. This could occur after the trial itself, or pursuant of any direct appeal in the state appellate courts, or through a state post-conviction remedy procedure. In some states, a local government protocol, a rule of court or local practice may require defense counsel, or the prosecutor itself, to provide the defendant with a copy of the trial record, including exhibits. There has been no information provided to this court on this topic. Requiring service of the answer and record in every case *1088 may impose unnecessary costs of duplication and waste paper.
The second situation would arise where a responding state agency files the full record with district court as a matter of course in every Section 2254 case. However, if the state contends (or the court sua sponte concludes) that the petition should be denied on legal grounds, such as timeliness or failure to exhaust, and the district court agrees, then the court has not considered the merits and presumably, did not consult or rely on the record. If the district court has not considered the record at all, the mere fact that it was filed with the court is irrelevant, and the lack of service on the petitioner does not result in any fundamental breach of fairness.
I also respectfully suggest that since this case is apparently the first opportunity for this court to determine the scope of Habeas Rule 5, a broad, circuit-wide rule is not necessary. If the majority had limited its holding to the facts of this case, district court judges within this circuit would recognize their obligation to carefully determine those habeas cases which need to be decided on the merits, and then require service of the answer and record on petitioner. The majority’s broad, circuit-wide rule requiring automatic service of the answer and record in every case they are filed is not necessary, and will increase the burden and expenses on local prosecutors.
Although, as the majority points out, the Fourth Circuit in Thompson v. Greene, 427 F.3d 263, 268 (4th Cir.2005), adopted a broad reading of Habeas Rule 5, the facts of Thompson revealed a very arbitrary state attorney general practice of not serving exhibits to a petitioner when there were more than five exhibits. The Florida Attorney General does not employ such an arbitrary practice. However, in both Thompson and this case, the district court relied heavily on the exhibits in denying the petitioner’s Section 2254 petition. In such circumstances, a petitioner does not have the ability to adequately respond unless petitioner has had full access to the trial record; the judicial officer embarking on a detailed examination of the trial record and adjudicating a Section 2254 petition on the merits should require that petitioner have a copy of the record as filed in the district court. As noted, many petitions are dismissed before the court reviews the merits.
Moreover, Thompson, is the only reported decision making such a broad based holding on Habeas Rule 5.[4] Prior Eleventh Circuit cases[5] and other district court cases[6] have declined to construe Rule 5 as the majority has here.
*1089 In commenting on this concurrence, the majority cites two Supreme Court cases, both of which strongly support my approach. In Day v. McDonough, 547 U.S. 198, 210, 126 S.Ct. 1675, 164 L.Ed.2d 376 (2006), the Court affirmed this Court’s approval of a sua sponte dismissal of a habe-as petition as time-barred. Id. at 210, 126 S.Ct. 1675. Justice Ginsburg concluded that Habeas Rule 4 does not preclude sua sponte findings and procedural defaults, unlike the corresponding Federal Rule of Civil Procedure 8(c), which treats them as waivable affirmative defenses. Id. at 209, 126 S.Ct. 1675. Day supports a step-by-step approach to habeas petitions, and emphasizes the greater judicial discretion to manage pleadings in habeas cases than under the civil rules. The Court in Lonchar v. Thomas, a death penalty case, concluded this Court erred in denial of a habeas petition for generalized “equitable reasons.” 517 U.S. 314, 329, 116 S.Ct. 1293, 134 L.Ed.2d 440 (1996). Justice Breyer discusses at length the discretion the Habeas Rules afford to district courts “to tailor the proceedings to dispose quickly, efficiently, and fairly of first habeas petitions that lack substantial merit, while preserving more extensive proceedings for those petitions raising serious questions.” Id. at 325,116 S.Ct. 1293.
Thus, contrary to the majority’s concern that this multi-step process would burden district courts, Day and Lonchar support an interpretation of the Habeas Rules which envision a post-answer expansion of the record when needed.
Because the varying court opinions have resulted in some controversy, I will recommend to the Advisory Committee on Civil Rules that it study a revision of Habeas Rule 5 and make a specific provision as to when the answer and record should be served on the petitioner. The Advisory Committee can gather empirical evidence and review local practices that may vary from district to district, and circuit to circuit, and recommend revisions which will be followed by the opportunity for public comment and review by the Judicial Conference. The goal is to achieve fairness and justice, but not to overly complicate the obligations of busy prosecutors and judges. Also, I believe that review by the Advisory Committee is a superior way of addressing the issues presented in this case, rather than a blanket uniform rule requiring service of the answer and record “attached” or “referenced” in every case.

. Although the majority is correct that in non-habeas civil cases, an exhibit "attached” to a pleading must be served, along with the pleading, there are good reasons for not following this rule in habeas cases, until the district court has need to review the state court record. The absence of any service requirement in Rule 5 allows an exception to the normal civil rules. Requiring service of an answer, itself, is not burdensome on the state court prosecutors. However, the majority's opinion also requires service of any item "referenced” in the pleading, and there is no requirement in the civil rules to support this.

. Except in death penalty cases, petitioners in Section 2254 cases are not entitled to ap *1085 pointment of counsel unless the court decides to appoint counsel. 28 U.S.C. § 2254(h). Criminal Justice Act funds are not generally available for appointment of counsel for habe-as petitioners in noncapital cases, unless a court holds an evidentiary hearing, Habeas Rule 8(c), or “if necessary for effective discovery.” Habeas Rule 6, As most petitioners are therefore proceeding pro se, the petitioner does not have counsel on whom to rely for assistance.

. As the Rule gives discretion to respondent— usually the state’s attorney general or a local prosecutor — at this stage to determine what portions of the record are relevant, respondent must exercise the professional responsibility expected of a prosecutor. Presumably, *1087 if the prosecutor believes in good faith that the petition should be dismissed without any further proceedings, it will file only those portions of the record that support its position.

. Cf. Sixta v. Thaler, 615 F.3d 569, 572 (5th Cir.2010) (upholding the district court's ruling because the government's response did not include any exhibits, but in dictum agreeing that Rule 5 requires attachments to be served when filed).

. Hill v. Linahan, 697 F.2d 1032, 1034-35 (11th Cir.1983) (“Hill was entitled to notice that the state's request for a Rule 9(a) dismissal would be treated as a motion for summary judgment and an opportunity to offer evidence in opposition to the motion.”); Allen v. Newsome, 795 F.2d 934 (11th Cir.1986) (finding the district court could take judicial notice of the first petition because petitioner was aware of its contents, and in that circumstance it was proper to dismiss the second petition as a barred successive petition without complying with Rule 56(c)).

.Davis v. McDonough, 804-CV-0989-T-27TGW, 2007 WL 3306772 at *2 (M.D.Fla. Nov. 6, 2007) (finding the petitioner was not entitled to a copy of the exhibits because “Rule 5, Rules Governing Section 2254 Cases, does not explicitly require service of the exhibit”); Norris v. Crosby, 8:06-CV-163-T27TBM, 2007 WL 128822 at *1 (M.D.Fla. Jan. 12, 2007) (“Petitioner's reliance on the Fourth Circuit’s opinion in Thompson in support of his argument is unpersuasive. As the Thompson court noted, Rule 5, Rules Governing Section 2254 Cases (2006), does not ex *1089 plicitly require service of the exhibits.”); Taylor v. McNeil, 8:08-CV-774-T-3OMAP, 2008 WL 5235113, at *1 (M.D.Fla. Dec. 15, 2008) (finding the petitioner was not entitled to copies of the record, because the application of the civil mies to the habeas rules is not mandatory and the petitioner did not file for leave to proceed in forma pauperis); Beauclair v. Goddard, 10-3128-SAC, 2012 WL 763103 (D.Kan. Mar. 6, 2012) ("Petitioner does not proceed in forma pauperis in this matter, has not demonstrated any specific need for copies of the state court record in part or in whole, and has not pursued discovery as provided under habeas rules.”); Foss v. Martel, 2:09-CV-3551-JAM-JFM, 2011 WL 2414512 (E.D.Cal. June 10, 2011) ("While Thompson and Pindale [v. Nunn, 248 F.Supp.2d 361 (D.NJ.2003) ] both relied on the Federal Rules of Civil Procedure to reach their conclusion, the court notes that pursuant to Rule 12 of the Rules Governing Section 2254 Cases, the Federal Rules of Civil Procedure ‘may be applied’ to a habeas proceeding ... [but] this is a permissive rather than mandatory rule.”).